IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    **PLAINTIFFS**

vs.                          Case No. 14CV-20-~~2126~~

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                     **DEFENDANTS**

## COMPLAINT

Comes now, Doyle Wesley and Holly Hughes, by and through their undersigned attorneys, Paul Byrd Law Firm, PLLC, and for their Complaint against Defendants, state:

## INTRODUCTION

1.      This lawsuit arises out of the collision between a 2017 Ford Transit Van and a Reitnouer Semi-Trailer that occurred on State Highway 19 on November 14, 2019, at approximately 12:49 P.M, resulting in very serious and permanent injuries to Doyle Hughes.   Plaintiffs bring their claim pursuant to Arkansas state law seeking remedy for the injuries suffered by them as a result of the collision.

## PARTIES

2.      Plaintiff Doyle Wesley Hughes is an adult, resident and citizen of Mount Holly, Arkansas, and has been a resident citizen of the State of Arkansas at all material times referred to herein.

**EXHIBIT A**

3.      Plaintiff Holly Hughes is an adult, resident and citizen of Mount Holly, Arkansas, and has been a resident citizen of the State of Arkansas at all material times referred to herein.

4.      Upon information and belief, Defendant Ford Motor Company (hereinafter referred to as "Ford") is a corporation, incorporated in the State of Delaware, with its principal place of business believed to be in the State of Delaware, which is authorized and conducting business in the State of Arkansas, and which has designated a registered agent in the State of Arkansas.

5.      Upon information and belief, Wray Ford, Inc. is a Louisiana corporation, with its principal place of business in the State of Louisiana. At all relevant times herein, Defendant Wray Ford, Inc. was engaged in the business of marketing, distributing and/or selling Ford trucks,

6.      Upon information and belief, Defendant Donlen Corporation, is a corporation organized and existing under the laws of the State of Illinois.

7.      Upon information and belief, Defendant Donlen Trust, is a statutory trust organized and existing under the laws of the State of Delaware.

8.      Upon information and belief, Defendant Donlen Trust II, is a statutory trust organized and existing under the laws of the State of Delaware.

9.      Upon information and belief, Defendant Donlen Mobility Solutions, Inc., is a corporation organized and existing under the laws of the State of Illinois.

10.     Defendants Donlen Corporation, Donlen Trust, Donlen Trust II, and Donlen Mobility Solutions, Inc. are related corporations and may collectively referred to herein as "Donlen."

2

11.     Upon information and belief, Defendant Reitnouer Enterprises, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania.

12.     Upon information and belief, Defendant Reitnouer, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania.

13.     Defendants Reitnouer Enterprises, Inc. and Reitnouer, Inc. are related corporations and may collectively referred to herein as "Reitnouer."

14.     Upon information and belief, Steady Source Co d/b/a Steady Lanes (hereinafter referred to as "Steady Source") is a corporation organized and existing under the laws of the State of Illinois and was the owner of the Reitnouer Semi-Trailer.

## JURISDICTION AND VENUE

15.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

16.     Jurisdiction is proper under Ark. Code Ann § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts.   Jurisdiction is also proper under Ark. Const., Art. 7, § 11, which states that the circuit courts shall have jurisdiction in all civil cases.

17.     This Court has general personal jurisdiction over the Plaintiffs because they live in Arkansas.

18.     This Court has specific personal jurisdiction over Defendant Ford because Defendant Ford is authorized to do business in Arkansas; has a registered agent in Arkansas; conducts substantial business in Columbia County, Arkansas; Ford is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing,

servicing, warning, instructing, packaging, labeling and selling motor vehicles in the State of Arkansas and throughout the United States, including the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint.

19.    This Court has specific personal jurisdiction over Defendant Ford because Defendant Ford purposely established significant contacts in Arkansas both directly and/or through its authorized dealers and/or supplier networks, has carried out and continues to carry out substantial, continuous and systematic business activities in Arkansas, and regularly conducts business in Columbia County, Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Ford's contacts in Arkansas.

20.    This Court has specific personal jurisdiction over Defendant Wray Ford, Inc., because Defendant Wray Ford, Inc. availed itself the opportunity to conduct business in Arkansas by marketing, distributing and/or selling Ford trucks, including the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint.

21.    This Court also has specific personal jurisdiction over Defendant Wray Ford, Inc. because, at all relevant times, Defendant Wray Ford, Inc. was in the business of selling Ford vehicles and introduced the subject 2017 Ford Transit Van into the stream of commerce with the reasonable expectation that 2017 Ford Transit Van would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Wray Ford, Inc.'s contacts in Arkansas.

22.    This Court has specific personal jurisdiction over Defendant Donlen Corporation because Defendant Donlen Corporation was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the

tortious acts and injuries complained of in this complaint arise from Defendant Donlen Corporation's contacts in Arkansas.

23.   This Court has specific personal jurisdiction over Defendant Donlen Trust because Defendant Donlen Trust was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Trust's contacts in Arkansas.

24.   This Court has specific personal jurisdiction over Defendant Donlen Trust II because Defendant Donlen Trust II was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Trust II's contacts in Arkansas.

25.   This Court has specific personal jurisdiction over Defendant Donlen Mobility Solutions, Inc. because Defendant Donlen Mobility Solutions, Inc. was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Mobility Solution, Inc.'s contacts in Arkansas.

26.   This Court has specific personal jurisdiction over Defendant Reitnouer Enterprises, Inc. because Defendant Reitnouer Enterprises, Inc. is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing, servicing, warning, instructing, packaging, labeling and selling Semi-Trailers throughout the United States, including the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) that forms the basis of this Complaint.

5

27.    This Court also has specific personal jurisdiction over Defendant Reitnouer Enterprises, Inc. because at all relevant times, Defendant Reitnouer Enterprises, Inc. was in the business of designing, manufacturing and selling Semi-Trailers and introduced the subject Reitnouer Semi-Trailer into the stream of commerce with the reasonable expectation that it would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Reitnouer Enterprises, Inc.'s contacts in Arkansas.

28.    This Court has specific personal jurisdiction over Defendant Reitnouer, Inc. because Defendant Reitnouer, Inc. is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing, servicing, warning, instructing, packaging, labeling and selling Semi-Trailers throughout the United States, including the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) that forms the basis of this Complaint.

29.    This Court also has specific personal jurisdiction over Defendant Reitnouer, Inc. because at all relevant times, Defendant Reitnouer, Inc. was in the business of designing, manufacturing and selling Semi-Trailers and introduced the subject Reitnouer Semi-Trailer into the stream of commerce with the reasonable expectation that it would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Reitnouer Enterprises, Inc.'s contacts in Arkansas.

30.    This Court has specific personal jurisdiction over Steady Source because Steady Source submitted itself to the jurisdiction of this Court by at all relevant times, acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment.

6

31.     This Court also has specific personal jurisdiction over Defendant Steady Source because at all relevant times, Defendant Steady Source was in the business of providing delivery services to many businesses in many venues including the State of Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Steady Source's contacts in Arkansas.

32.     Venue is proper under Ark. Code Ann. § 16-60-101(a), which states that all actions for damages for personal injury shall be brought in (1) the county in which a substantial part of the event or omissions giving rise to the cause of action accrued; (2) the county where an individual defendant resided at the time of the event or omission giving rise to the cause of action; or (3) in the county in which the plaintiff resided at the time of the event or omissions giving rise to the cause of action. This case meets scenarios enumerated in this statute because the personal injury that is at subject in this litigation occurred in Columbia County.

33.     The amount in controversy exceeds, exclusive of interest and costs, the sum required for federal court jurisdiction in diversity of citizenship cases.

## FACTUAL ALLEGATIONS

34.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

35.     On November 14, 2019, at approximately 12:49 P.M., Doyle Hughes was traveling northbound on State Highway 19 in a 2017 Ford Transit Van (VIN #: 1FTYE1YM8HKB37771).

36.    At the same time, a Steady Source 2020 Freightliner truck hauling a Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) was also traveling northbound on State Highway 19.

37.    When the Steady Source truck stopped in the lane of traffic to make a left turn, Mr. Hughes collided with the Semi-Trailer.

38.    The underride guard on the Reitnouer Semi-Trailer failed to prevent Mr. Hughes from crashing under the Semi-Trailer, resulting in damage to the Ford Transit Van's engine that caused the Ford Transit Van to catch on fire.    Because the Ford Transit Van's firewall was defective, the fire was able to come into the passenger compartment quickly and before Doyle Hughes could be extracted, which caused very serious and permanent injuries to Mr. Hughes.

39.    Additionally, before the collision, Mr. Hughes did not receive any type of warning or notice from the Ford Transit Van of the presence of the other vehicle in his lane of travel, nor was there any type of autonomous braking system that would have lessened the severity of the collision.

40.    As a direct and proximate result of the fault of Defendants, Plaintiff Doyle Hughes suffered serious and catastrophic burn-related injuries, including the loss of his leg, excruciating conscious pain and suffering.   Moreover, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

41.    On November 14, 2019 and at all relevant times, the Ford Transit Van (VIN #:   1FTYE1YM8HKB37771)   and   the   Reitnouer   Semi-Trailer   (VIN   #

1RNF53A24LR050085) were defective and/or presented unreasonably hazardous conditions.

42.     Defendants are jointly and severally liable for the injuries and damages alleged herein.

## COUNT I – STRICT LIABILITY
**FORD MOTOR COMPANY, WRAY FORD, INC. AND DONLEN DEFENDANTS**

43.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

44.     The Ford Transit Van that is the subject of this Complaint was designed, manufactured, assembled, distributed, furnished, sold, supplied and/or leased by Defendants in a defective and unreasonably dangerous condition.

45.     The subject Ford Transit Van, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, marketed, distributed, furnished, sold, supplied and/or leased by Defendants and was being used in a foreseeable manner.   The Ford Transit Van was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous, both generally and in the following respects:

   a. The Ford Transit Van was not designed to include component parts and features to reduce the risk of frontal collisions by way of design and installation of an appropriate driver assistance system to minimize the risk and severity of foreseeable frontal collisions;

   b. The Ford Transit Van did not include reasonable, appropriate and necessary alternative safety features, components and systems which Defendants knew or should have known were available and effective, including, but not limited to a collision warning system and/or autonomous braking system to provide appropriate tactile, haptic, auditory and/or optical alerts and/or brake application to minimize the risk and/or severity of foreseeable frontal collisions;

9

c. The Ford Transit Van was designed without reasonable, appropriate, necessary, and technologically feasible alternative safety features, components and systems, such as autonomous crash avoidance systems, to minimize the risk and/or severity of foreseeable frontal collisions;

d. Failing to market the Ford Transit Van with a standardized forward collision warning system and/or an autonomous braking system;

e. Failing to equip the Ford Transit Van as a leased product with a forward collision warning system and/or an autonomous braking system;

f. Failing to provide necessary information and/or warnings so that purchasers or lessees would have sufficient notice of the safety importance of available forward collision warnings systems and/or autonomous braking systems that were only supplied as optional equipment;

g. The Ford Transit Van was not equipped with a firewall able to keep the engine fire out of the passenger compartment for a reasonable amount of time.

46.     Defendants knew, or in the exercise of reasonable care should have known, the subject Ford Transit Van was unreasonable dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

47.     Pursuant to Arkansas Code Ann. § 16-116-101, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the Ford Transit Van.   The damages that Doyle Hughes suffered, *inter alia,* include severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

10

## COUNT II - BREACH OF IMPLIED WARRANTIES
**FORD MOTOR COMPANY, WRAY FORD, INC., AND DONLEN DEFENDANTS**

48.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

49.     The defective and dangerous condition of the Ford Transit Van and lack of adequate warnings made it unfit for use, and unfit for the particular purpose.

50.     The subject Ford Transit Van, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, furnished, sold, marketed, distributed and/or leased by Defendants was being used in a foreseeable manner.   The Ford Transit Van was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous. Defendants knew, or in the exercise of reasonable care should have known, the subject Ford Transit Van was unreasonably dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

51.     Plaintiffs are third parties who would foreseeably use and/or be affected by the Ford Transit Van.

52.     The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including the Ford Transit Van that is the subject of this Complaint.

53.     Defendants breached those implied warranties by selling and/or leasing a defective Ford Transit Van that violated the warranties of merchantability and fitness for a particular purpose.

11

54.    As a direct and proximate result of the Defendants' breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff Doyle Hughes was catastrophically injured and is entitled to an award of actual and consequential damages as previously set forth herein.

### COUNT III – FAILURE TO WARN
### FORD MOTOR COMPANY, WRAY FORD, INC., AND DONLEN DEFENDANTS

55.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

56.    Upon information and belief, the Ford Transit Van was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of Defendants.

57.    Defendants had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff Doyle Hughes, about the dangers of the Ford Transit Van's design and manufacture.

58.    As a direct and proximate result of Defendants' failure to warn, Plaintiff Doyle Hughes sustained serious injuries as previously set forth herein, and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

59.    Defendants' failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant disregard to public safety.  As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

**COUNT IV – NEGLIGENCE**
**FORD MOTOR COMPANY, WRAY FORD, INC. AND DONLEN DEFENDANTS**

60.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

61.     Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the Ford Transit Van that is the subject of this Complaint, and a duty to place a reasonably safe Ford Transit Van into the stream of commerce.

62.     Upon information and belief, the Ford Transit Van which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

63.     Defendants knew or should have known that the Ford Transit Van was inherently dangerous, and was defective as previously set forth herein.

64.     Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects Ford Transit Van that is the subject of this Complaint.

65.     Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

      a.    In designing, manufacturing, and placing into commerce an unsafe Ford Transit Van with a high risk of fire wall failure, thus allowing fire to come into the passenger compartment;

      b.    In failing to properly and adequately design, test, and manufacture the Ford Transit Van;

      c.    In failing to have discovered that the Ford Transit Van was defective;

      d.    In failing to properly inspect, maintain, and assemble the Ford Transit Van that is the subject of this Complaint;

e.  In placing the defective and unsafe Ford Transit Van into the stream of commerce without adequate warnings, while knowing that the product would be sold and/or loaned and/or leased to and used by persons, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings;

f.  In failing to create and provide sufficient warnings as to the dangerous propensities of the Ford Transit Van to the end-user;

g.  In failing to design and equip the Ford Transit Van with a standard safety system to minimize the risk of foreseeable frontal collisions;

h.  In failing to design and equip the Ford Transit Van with reasonable, appropriate, necessary, and technologically available alternative safety features, components and systems to minimize the risk and/or severity of foreseeable frontal collisions;

i.  In failing to offer and/or include as standard equipment for the Ford Transit Van appropriate and reasonable alternative safety features that Ford offered and/or included as standard equipment on other products, including forward collision mitigations systems;

j.  In failing to standardize forward collision mitigation systems or properly market them to make them affordable to purchasers;

k.  The Donlen Defendants made careless corporate decisions to minimize expenses by failing to purchase a necessary and reasonable collision avoidance system that was offered by Ford as an option on the Ford Transit Van;

l.  The Donlen Defendants failed to equip the Ford Transit Van with reasonable, appropriate, necessary, and technologically available safety features and systems such as those described herein so as not to subject others to foreseeable harm and injury;

m.  Defendant Ford and Wray Ford, Inc. failed to adequately inform the Donlen Defendants of the safety benefit and

14

importance of the collision avoidance systems that were available with the Ford Transit Van; and,

n.    Defendants failed to take the necessary steps to retrofit the Ford Transit Van with a reasonable collision avoidance system.

66.    The Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects of the Ford Transit Van that is the subject of this Complaint.

67.    As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of the Defendants, Plaintiff Doyle Hughes was severely injured and is entitled to an award of actual and consequential damages as previously set forth herein.

68.    The Defendants' conduct in designing, manufacturing, selling and/or leasing and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## COUNT V - STRICT LIABILITY
## REITNOUER DEFENDANTS AND STEADY SOURCE

69.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

70.    The Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085)  that is the subject of this Complaint was designed, manufactured, assembled, distributed, furnished, sold, supplied and/or otherwise distributed by Defendants in a defective and unreasonably dangerous condition.

15

71.    The subject Reitnouer Semi-Trailer, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, furnished, sold, marketed, and/or otherwise distributed by Defendants and was being used in a foreseeable manner.   The Reitnouer Semi-Trailer was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous, both generally and in the following respects:

    a.  The Reitnouer Semi-Trailer was not designed and/or manufactured to prevent the type of intrusion experienced by Plaintiff into and under the rear of the Reitnouer Semi-Trailer;

    b.  The Reitnouer Semi-Trailer was not designed and/or manufactured with reasonable, appropriate, necessary, and technologically feasible alternative safety features, components and systems to minimize the risk and/or severity of the underride of vehicles such as experienced by the Plaintiff; and,

    c.  In placing the defective and unsafe Reitnouer Semi-Trailer into the stream of commerce without adequate warning, while knowing that the product would be sold and/or loaned and/or leased and/or otherwise distributed to and used by persons/employees, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings.

72.    Defendants knew, or in the exercise of reasonable care should have known, the subject Reitnouer Semi-Trailer was unreasonably dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

73.    Pursuant to Arkansas Code Ann. § 16-116-101, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the Reitnouer Semi-Trailer that is the subject of this Complaint.   The damages that Doyle Hughes suffered, *inter alia,* include severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning

capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

## COUNT VI - BREACH OF IMPLIED WARRANTIES
## REITNOUER DEFENDANTS AND STEADY SOURCE

74.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

75.     The defective and dangerous condition of the Reitnouer Semi-Trailer and lack of adequate warnings made it unfit for use, and unfit for the particular purpose.

76.     The subject Reitnouer Semi-Trailer, at the time of the collision, was in substantially the same condition as when manufactured, sold, marketed, and/or otherwise distributed by Reitnouer and was being used in a foreseeable manner.  The Reitnouer Semi-Trailer was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous.  Defendants knew, or in the exercise of reasonable care should have known, the subject Reitnouer Semi-Trailer was unreasonably dangerous, rendering Reitnouer strictly liable for the injuries and damages sustained by Plaintiffs.

77.     Plaintiff Doyle Hughes is a third party who would foreseeably use and/or be affected by the Reitnouer Semi-Trailer.

78.     The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including the Reitnouer Semi-Trailer that is the subject of this Complaint.

79.     Defendants breached those implied warranties by selling and leasing a defective Reitnouer Semi-Trailer that violated the warranties of merchantability and fitness for a particular purpose.

80.     As a direct and proximate result of the Defendants' breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff Doyle Hughes was catastrophically injured and is entitled to an award of actual and consequential damages as previously set forth herein.

## COUNT VII – FAILURE TO WARN
## REITNOUER DEFENDANTS AND STEADY SOURCE

81.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

82.     Upon information and belief, the Reitnouer Semi-Trailer was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

83.     The Defendants had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff Doyle Hughes, about the dangers of the Reitnouer Semi-Trailer design and manufacture.

84.     As a direct and proximate result of Defendants' failure to warn, Plaintiff Doyle Hughes sustained serious injuries as previously set forth herein, and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

18

85.     The Defendants' failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant disregard to public safety.   As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier

### COUNT VIII – NEGLIGENCE
### REITNOUER DEFENDANTS AND STEADY SOURCE

86.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

87.     The Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the Reitnouer Semi-Trailer, and a duty to place a reasonably safe Semi-Trailer into the stream of commerce.

88.     Upon information and belief, the Reitnouer Semi-Trailer was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

89.     The Defendants knew or should have known that the Reitnouer Semi-Trailer was inherently dangerous, and was defective as previously set forth herein.

90.     The Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects of the Reitnouer Semi-Trailer.

91.     The Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

a.      In designing, manufacturing, and placing into the stream of commerce an unsafe Reitnouer Semi-Trailer with a high risk of underride guard failure, thus allowing significant intrusion

19

of Doyle Hughes' vehicle;

b.   In failing to properly and adequately design, test, and manufacture the Reitnouer Semi-Trailer:

c.   In failing to have discovered that the Reitnouer Semi-Trailer was defective;

d.   In failing to properly inspect, maintain, and assemble the Reitnouer Semi-Trailer;

e.   In placing the defective and unsafe Reitnouer Semi-Trailer into the stream of commerce without adequate warning and/or by using it in their trucking operation, while knowing that the product would be sold and/or loaned and/or leased to and used by persons/employees, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings;

f.   In failing to act reasonably under all circumstances;

g.   In failing to exercise adequate control; and,

h.   In failing to furnish an underride guard that adhered to industry standards.

92.   As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of the Defendants, Plaintiff Doyle Hughes was severely injured and is entitled to an award of actual and consequential damages as previously set forth herein.

93.   The Defendants' conduct in designing, manufacturing, selling and otherwise distributing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

20

**COMPENSATORY DAMAGES SUSTAINED BY
DOYLE HUGHES AND HOLLY HUGHES**

94.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

95.    The injuries and damages sustained by Plaintiffs, more particularly described below, were produced in a natural and continuous sequence from the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), in addition to Defendants' violations of one or more of the above described independent duties to use ordinary care for the safety of Doyle Hughes.

96.    The injuries and damages sustained by Doyle Hughes were a probable consequence from the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), in addition to Defendants' violations of one or more of the above described independent duties to use ordinary care for the safety of Doyle Hughes.

97.    Defendants should have foreseen and anticipated that the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), as well as any violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Doyle Hughes.

98.    Defendants are strictly liable for the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer

21

Semi-Trailer (VIN # 1RNF53A24LR050085), and had Defendants not violated one or

more of the above-described independent duties to use ordinary care for the safety of

Doyle Hughes, then Doyle Hughes' injuries and damages would not have occurred.

99.     The injuries and damages sustained by Doyle Hughes as a result of strict

liability and Defendants' violations, include, but are not limited to, the following:

a. Serious and permanent bodily injuries to Doyle Hughes' body, including, but not limited to, an amputated right leg and 3rd degree burns over 20 – 29% of his body, which is a life changing event causing Doyle Hughes to lose the ability to enjoy a normal quality of life;

b. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

c. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

d. Loss of income in the past and reasonably expected to be experienced in the future;

e. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

f. Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes, but is not limited to, Doyle Hughes' loss of quality of life due to permanent injuries causing chronic pain that limits his activities; and

g. The reasonable expense of any necessary help in Doyle Hughes's home in the past, and reasonably certain to be required in the future, as a result of Doyle Hughes' injuries.

100.    The injuries and damages sustained by Holly Hughes as a result of strict

liability and Defendants' violations, include, but are not limited to, the following:

a.      Loss of consortium, loss of society, affection, assistance,

and conjugal fellowship, all to the detriment of their marital relationship.

## AMOUNT OF DAMAGES

101.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

102.   Plaintiffs' injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiffs should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate the, for each and every element of damages that has been suffered.

## PUNITIVE DAMAGES

103.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

104.   Doyle Hughes is entitled to recover punitive damages in accordance with Arkansas law, based upon the Defendants' complete indifference to and conscious disregard for the safety of Doyle Hughes and others, causing or contributing to catastrophic and permanent injuries.   Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Doyle Hughes. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

23

105.    In addition to actual, special, consequential and compensatory damages, Doyle Hughes demands a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

## **DEMAND FOR JURY TRIAL**

106.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

107.    Plaintiffs demand a jury trial for all issues of fact presented by this action.

WHEREFORE, Plaintiffs pray that after a jury trial of this action that they be awarded the following:

a.    A judgment against Defendants in such an amount that will fully and fairly compensate them for all of the above described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

b.    A judgment and verdict against Defendants awarding exemplar or punitive damages as permitted by law;

c.    Loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all the detriment of their marital relationship;

d.    All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

e.    A pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

f.    All other proper relief to which they may be entitled in the premises.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By: _____
Paul Byrd, Ark. Bar No. 85020

FILED

*Lisa Pennington*

2021 NOV 20 PM 2: 58

COLUMBIA COUNTY, AR

**IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS**
**CIVIL DIVISION**

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

vs.                              **Case No. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                **DEFENDANTS**

## ENTRY OF APPEARANCE

Comes now, Sara Silzer, ABN 98118, and Ashley Jordan Davis, ABN 2017034, of Paul

Byrd Law Firm, PLLC, and enter their appearances as attorneys of record for the Plaintiffs,

Doyle Wesley Hughes and Holly Hughes, in these proceedings.

Respectfully submitted,

Sara Silzer, Ark. Bar No. 98118
Ashley Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By:  _____
        Ashley Jordan Davis, ABN 2017034

 **CT Corporation**

**Service of Process Transmittal**
02/09/2021
CT Log Number 539029795

**TO:**   Chuck Morici
Ford Motor Company
1 American Rd
Dearborn, MI 48126-2798

**RE:**   **Process Served in Arkansas**

**FOR:**   Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Doyle Wesley Hughes and Holly Hughes, Pltfs. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Attachment(s), Complaint |
| **COURT/AGENCY:** | Columbia County Circuit Court, AR
Case # 14CV202126 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/14/2019 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/09/2021 at 11:00 |
| **JURISDICTION SERVED :** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons (not counting the day you Receipt) |
| **ATTORNEY(S) / SENDER(S):** | Sara Silzer
Paul Byrd Law Firm, PLLC
415 N. McKinley Suite 210
Little Rock, AR 72205
501-420-3050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/10/2021, Expected Purge Date: 02/15/2021

Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

**vs.**                              CASE NO. 14CV-20-ᒍ𝒍ᒍ-𝟔

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                        **DEFENDANTS**

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**FORD MOTOR COMPANY**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                        CLERK OF COURT

Address of Clerk's Office

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

[Signature of Clerk or Deputy Clerk]

Date: NOV 12, 2020

[SEAL]

No. 14CV-20-2124 This summons is for **FORD MOTOR COMPANY.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at_____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:



IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

vs.                          CASE NO. 14CV-20-2126

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                            DEFENDANTS

## SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

STEADY SOURCE CO d/b/a STEADY LANES

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                              CLERK OF COURT

Address of Clerk's Office

STATE OF ARKANSAS }
COUNTY OF COLUMBIA } ss
This instrument was entered and filed for record
this 11 day of Feb 20 21

ANGELA KEITH @ 0755
Clerk of the Circuit County and Ex-Officio Recorder
By Anna Pennington
                                    D.C.

Page 1 of 4



IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                                PLAINTIFFS

vs.                              Case No. 14CV-20-____

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                                         DEFENDANTS

## COMPLAINT

Comes now, Doyle Wesley and Holly Hughes, by and through their undersigned attorneys, Paul Byrd Law Firm, PLLC, and for their Complaint against Defendants, state:

## INTRODUCTION

1.      This lawsuit arises out of the collision between a 2017 Ford Transit Van and a Reitnouer Semi-Trailer that occurred on State Highway 19 on November 14, 2019, at approximately 12:49 P.M, resulting in very serious and permanent injuries to Doyle Hughes.   Plaintiffs bring their claim pursuant to Arkansas state law seeking remedy for the injuries suffered by them as a result of the collision.

## PARTIES

2.      Plaintiff Doyle Wesley Hughes is an adult, resident and citizen of Mount Holly, Arkansas, and has been a resident citizen of the State of Arkansas at all material times referred to herein.

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

[Signature of Clerk or Deputy Clerk]

Date: NOV 20, 2020

[SEAL]

No. 14CV-20-___ This summons is for STEADY SOURCE CO d/b/a STEADY LANES.

## PROOF OF SERVICE

☒ On __02/09/2021__ [date] I personally delivered the summons and complaint to the defendant at __930 E. Tower Court #8, Palatine, IL 60074__ [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____[date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____[address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant]; or

☐ On _____ [date] at_____[address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ____02/12/2021____       By: _Glenn David_
                               [Signature of server]

                               _Glenn David_
                               [Printed name]

Address: __R.O.S. Consulting, Inc. 117-001339__

         __23900 W. Industrial Drive, Suite 3, Plainfield, IL 60585__

Phone: __815 370-5866__

Subscribed and sworn to before me this date: _Feb 12 2021_

_____
Notary Public

My commission expires: _12/07/2021_

```
Official Seal
Mohamed Ahmed Elghouneimy
Notary Public State of Illinois
My Commission Expires 12/07/2021
```

Additional information regarding service or attempted service:

Job # 5353572
Ref # _____

# Affidavit of Process Server

In The Circuit Court of Columbia County, Arkansas - Civil Division
### (NAME OF COURT)

| Doyle Wesley Hughes and Holly Hughes | VS | Ford Motor Company, et al | 14CV-20-212-6 |
|---|---|---|---|
| **PLAINTIFF/PETITIONER** | | **DEFENDANT/RESPONDENT** | **CASE NUMBER** |

I Danielle Stevens, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ **Donlen Trust** _____
### NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons; Complaint; Motion for Extension of Time to Serve All Defendants; Order Extending Time to Serve All Defendants (Received Feb 12, 2021 at 10:55am EST)

by leaving with _____ **Amanda Brown Poe, Legal Administrator Authorized to Accept** _____
### NAME/RELATIONSHIP/TITLE

Service Address: _____ U.S. Bank Trust National Association 1011 Centre Rd., Suite 203, Wilmington, DE 19805 _____

| On | Tue, Feb 16 2021 | AT | 02:00 PM |
|---|---|---|---|
| | **DATE** | | **TIME** |

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
### DATE

from _____
    **CITY**        **STATE**       **ZIP**

Manner of Service:

☐ Personal: By personally delivering copies to the person being served.

☐ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.

☐ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☒ Corporate: By personally delivering copies to the person named above.

☐ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

Description: Age __40__ Sex __Female__ Race __Caucasian__ Height __5'2"__ Weight __150__ Hair __Brown__ Beard _____ Glasses _____

Date: February 17, 2021 _____

_____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on February 17, 2021 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2024

FILED FOR RECORD
This ⎯⎯ Day of ⎯Feb⎯ 2021
at 12:24 o'clock ⎯p⎯ m
**ANGELA KEITH**
**CIRCUIT CLERK**
**COLUMBIA COUNTY, ARKANSAS**
By ⎯⎯⎯⎯⎯⎯⎯ D.C.

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    **PLAINTIFFS**

vs.                              Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES          **DEFENDANTS**

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE ALL DEFENDANTS

COMES NOW the Plaintiffs, by and through undersigned counsel, and for their

Extension of Time to Serve All Defendants, states as follows:

1.      On November 12 2020, Plaintiffs filed their Complaint against Defendants.

Pursuant to Fed. R. Civ. P. 4(i), the time limit for service of summons in this matter expires on

March 12, 2021.

2.      Plaintiffs named several Donlen Defendants in their Complaint and some of these

Defendants are currently in a bankruptcy action.  Plaintiffs are uncertain which Defendants are

currently in a bankruptcy action and which Defendants are not.

3.      Pursuant to the Supreme Court of Arkansas's Per Curiam Order delivered on June

11, 2020, the suspension of the time requirements under Ark. R. Civ. P. 4(i) announced in the per

curiam order of April 28, 2020 shall remain in effect until further notice. *See In re Response to the COVID-19 Pandemic-Amendments to Court Rules*, 2020 Ark. 164 (per curiam).

4.      Some of the Defendants have been served in this matter, and some have not. Defendants might raise affirmative defenses of insufficiency of process and insufficiency of service of process in their Answers.

5.      Because of the great prejudice Plaintiffs would suffer if there is an issue with process and/or service of process of any Defendants, good cause exists for extending the time limit for service of summons on all Defendants.

6.      This Court should extend the time limit for service of summons on all Defendants in the above styled and numbered cause an additional 90 days from March 12, 2021.

7.      Plaintiffs will suffer great prejudice if perfection of service is not completed on all Defendants, and their case is dismissed.  However, Defendants will not be prejudiced by an extension.

WHEREFORE, the Plaintiffs, pray that this Court grant their Motion for Extension of Time to Serve All Defendants; that this Court extend the time limit for service of summons on all Defendants in the above styled and numbered cause an additional 90 days from March 12, 2021; that the Plaintiffs be awarded their costs and attorney's fees; and for all other just and proper relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
Ashley Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210

Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By: _____
Ashley Jordan Davis, ABN 2017034

## CERTIFICATE OF SERVICE

I, Ashley Jordan Davis, do hereby certify that a true and correct copy of the foregoing pleading has been delivered **via U.S. Mail** on February 11, 2021:

| | |
|---|---|
| Ford Motor Company<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AR 72201<br>*Defendant* | Wray Ford, Inc.<br>c/o George D. Wray, III<br>2851 Benton Road<br>Bossier City, LA 71111<br>*Defendant* |
| Reitnouer Enterprises, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* | Reitnouer, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* |
| Steady Source CO d/b/a Steady Lanes<br>c/o Alex Ilyushov<br>930 E. Tower Court #8<br>Palatine, Illinois 60074<br>*Defendant* | Donlen Trust<br>c/o U.S. Bank Trust National Association<br>1011 Centre Road, Suite 203<br>Wilmington, DE 19805 |

_____
Ashley Jordan Davis

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

vs.                            Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES              DEFENDANTS

## ORDER EXTENDING TIME TO SERVE ALL DEFENDANTS

**Came on This Day** the Plaintiffs' Motion for Extension of Time to Serve All Defendants.

From the pleadings filed, and all other matters considered, this Court hereby FINDS and

ORDERS that:

1.      For good cause shown, Plaintiffs' Motion for Extension of Time to Serve All

Defendants is hereby granted and the time for service of summons an all Defendants in the above

styled case is extended an additional 90 days from March 12, 2021.

**IT IS SO ORDERED.**

_____
HONORABLE SPENCER SINGLETON
COLUMBIA COUNTY CIRCUIT JUDGE

DATED: _Feb 11, 2021_____

PREPARED BY:
PAUL BYRD LAW FIRM

FILED FOR RECORD
This 11 Day of Feb 20 21
at 15:11 o'clock P m
ANGELA KEITH
CIRCUIT CLERK
COLUMBIA COUNTY, ARKANSAS
By _____ D.C.

415 N. McKinley St., Suite 210
Little Rock, AR 72205
(501) 420-3050
(501) 420-3128 Fax
ATTORNEYS FOR PLAINTIFFS

By: _____
Paul Byrd, ABN 85020
paul@paulbyrdlawfirm.com
Ashley Jordan Davis, ABN 2017034
jordan@paulbyrdlawfirm.com

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

vs.                              CASE NO. 14CV-20-212-6

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                             DEFENDANTS

### SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

REITNOUER, INC.

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                              CLERK OF COURT

Address of Clerk's Office

                                    ~~~~~~~~~~ ARKANSAS
                                    ~~~~TY OF COLUMBIA }ss
                                    This instrument was entered and filed for record
                                    this 11 day of Feb 20 21
                                              ANGELA KEITH             @ 18:37
                                    Clerk of the Circuit Court and Ex-Offic Records
                                    Risa Pemmington

                          Page 1 of 4

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

[Signature of Clerk or Deputy Clerk]

Date: NOV 12, 2020

[SEAL]

No. 14CV-20-212  This summons is for REITNOUER, INC.

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the
defendant at _____ [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____[date] I left the summons and complaint in the close proximity of the
defendant by _____ [describe how the summons and
complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____ [address], a place where the defendant resides; or

☑ On 2·3·21 [date] I delivered the summons and complaint to _____ MILES REITNOUER [name of
individual], an agent authorized by appointment or by law to receive service of summons on
behalf of REITNOUER INC. _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where
the defendant maintains an office or other fixed location for the conduct of business, during
normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

**Page 2 of 4**

My fee is $ _____ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____   SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: **2·3·21**   By: _____
[Signature of server]

**KENNETH J. HOPTON 1 CPS**
[Printed name]

Address: **751 OAK ST.**

**COATESVILLE. PA. 19320**

Phone: **610·360·7376**

Subscribed and sworn to before me this date: **February 03 2021**

_____
Notary Public

My commission expires: **ber 3 2021**

Additional information regarding service or attempted service:

Commonwealth of Pennsylvania - Notary Seal
Meritza S  inez, Notary Public
ter County
My com   expires October 3, 2021
C    n number 1321786
Member, Pennsylvania Association of Notaries

Commonwealth of Pennsylvania - Notary Seal
Meritza S. Martinez, Notary Public
Chester County
My commission expires October 3, 2021
Commission number 1321786
Member, Pennsylvania Association of Notaries

Page 3 of 4

V

IN THE COURT OF COMMON PLEAS

C̶o̶l̶u̶m̶b̶i̶a̶ COUNTY, ~~PENNSYLVANIA~~

CIVIL ACTION –   ARKANSAS

NO.: 14-CV-20-212.6

# AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA       :
                                                 :    ss

COUNTY OF CHESTER       :

    I, **Kenneth Hopton,** of Commonwealth Process Services, LLC. do swear or affirm and

depose saying that on **2·8·21** at **11:10 Am**, I did serve a true and correct copy of a

Complaint/Summons/Subpoena, Other: " COMPLAINT + SUMMONS "

upon " REITNOUER INC.

at #5 EAST POINTE DRIVE, BOOMSBORO, PA. 19508

by personally handing said copy to him/her.

Commonwealth of Pennsylvania - Notary Seal
Maritza S. Martinez, Notary Public
Chester County
My commission expires October 3, 2021
Commission number 1321795
Member, Pennsylvania Association of Notaries

Kenneth Hopton
Commonwealth Process Services LLC.

Sworn and subscribed before me
this 3ʳᵈ day of February
2021

Miles A Reitnouer      Pres

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

vs.                          CASE NO. 14CV-20-

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                             DEFENDANTS

## SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

REITNOUER ENTERPRISES, INC.

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Additional Notices Included:_____

CLERK OF COURT

Address of Clerk's Office

Page 1 of

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

*[Signature of Clerk or Deputy Clerk]*

Date: NOV 12, 2020

[SEAL]

No. 14CV-20____  This summons is for REITNOUER ENTERPRISES, INC.

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☑ On 2·3·21 [date] I delivered the summons and complaint to MILES A. REITNOUER [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of REITNOUER ENTERPRISES, INC [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

**Page 2 of 4**

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 2·3·21         By: _____
[Signature of server]

KENNETH HOPTON  1 "CPS"
[Printed name]

Address: 751 OAK ST.
COATESVILLE, PA. 19320

Phone: 610·360·7376

Subscribed and sworn to before me this date: Ferur 03 2021

_____
Notary Public

My commission expires: October 2021

Additional information regarding service or attempted service:

Commonwealth of Pennsylvania - Notary Seal
Maritza S. Martinez, Notary Public
Chester County
My commission expires October 3, 2021
Commission number 1321795
Member, Pennsylvania Association of Notaries

Page 3 of 4

|  | IN THE COURT OF COMMON PLEAS |
|---|---|
| v | COLUMBER COUNTY, ~~PENNSYLVANIA~~ ARKANSAS |
|  | CIVIL ACTION – |
|  | NO.: 14-CV-20-212-6 |

## AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA**          :

                                                              :          ss

**COUNTY OF CHESTER**                              :


I, **Kenneth Hopton,** of Commonwealth Process Services, LLC. do swear or affirm and depose saying that on 2·3·21   at 11·10 AM , I did serve a true and correct copy of a Complaint/Summons/Subpoena, Other: " COMPLAINT + SUMMONS "

upon " REITNOUER ENTERPRISES, INC.

at # 5 EAST POINTE DRIVE, BIRDSBORO, PA. 19508

by personally handing said copy to him/her.

Commonwealth of Pennsylvania - Notary Seal
Maritza S. Martinez, Notary Public
Chester County
My commission expires October 3, 2021
Commission number 1321785
~~Member~~   Association of Notaries

_____
Kenneth Hopton
Commonwealth Process Services LLC.

Sworn and subscribed before me
this  3rd  day of February
2021

_____

_____ Pres
Miles A. Reitnouer

FILED
*Lisa Pennington*
2021 FEB 12 AM 1:15
COLUMBIA COUNTY, AR

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                                  PLAINTIFFS

vs.                                        Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                                DEFENDANTS

## PLAINTIFFS' MOTION/NOTICE OF NONSUIT OF SEPARATE DEFENDANTS FORD MOTOR COMPANY; WRAY FORD, INC.; REITNOUER ENTERPRISES, INC.; REITNOUER, INC.; AND STEADY SOURCE CO d/b/a STEADY LANES ONLY

Comes now the undersigned attorneys, and for their Motion/Notice of Nonsuit against

Separate Defendants Ford Motor Company; Wray Ford, Inc.; Reitnouer Enterprises, Inc.;

Reitnouer, Inc.; and Steady Source CO d/b/a Steady Lanes only, states as follows:

1.     Plaintiffs Doyle Hughes and Holly Hughes hereby give notice of their voluntary

dismissal without prejudice of their Complaint against only Separate Defendants Ford Motor

Company; Wray Ford, Inc.; Reitnouer Enterprises, Inc.; Reitnouer, Inc.; and Steady Source CO

d/b/a Steady Lanes pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure.

**WHEREFORE**, pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure, Plaintiffs

respectfully pray that their Motion/Notice for Voluntary Dismissal be granted and for all other

just and proper relief to which they are entitled.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
Ashley Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By: _____
Ashley Jordan Davis, ABN 2017034

## CERTIFICATE OF SERVICE

I, Ashley Jordan Davis, do hereby certify that a true and correct copy of the foregoing pleading has been delivered **via U.S. Mail** on February 12, 2021:

| | |
|---|---|
| Ford Motor Company<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AR 72201<br>*Defendant* | Wray Ford, Inc.<br>c/o George D. Wray, III<br>2851 Benton Road<br>Bossier City, LA 71111<br>*Defendant* |
| Reitnouer Enterprises, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* | Reitnouer, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* |
| Steady Source CO d/b/a Steady Lanes<br>c/o Alex Ilyushov<br>930 E. Tower Court #8<br>Palatine, Illinois 60074<br>*Defendant* | |

_____
Ashley Jordan Davis

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                               **PLAINTIFFS**

**vs.**                            CASE NO. 14CV-20-212-6

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**          **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**FORD MOTOR COMPANY**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                                    CLERK OF COURT
Address of Clerk's Office

COUNTY OF COLUMBIA }
This instrument was received and filed for record
this 26 day of Feb 20 21
ANGELA KEITH
Clerk of the Circuit County and Ex-Officio Recorder
Ava Pennington

                    Page 1 of 4

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

[Signature of Clerk or Deputy Clerk]

Date: NOV 12, 2020

[SEAL]

No. 14CV-20-2126 This summons is for FORD MOTOR COMPANY.

## PROOF OF SERVICE

☑ On 2-9-21_____ [date] I personally delivered the summons and complaint to the
defendant at 124 w. Cap. te L Ave (900) LL, AR [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____[date] I left the summons and complaint in the close proximity of the
defendant by _____ [describe how the summons and
complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____[address], a place where the defendant resides; or

☑ On 2-9-21 [date] I delivered the summons and complaint to CT· Corporatu) [name of
individual], an agent authorized by appointment or by law to receive service of summons on
behalf of Fo-J m ctcr· Cmp u)_____[name of defendant]; or

☐ On _____ [date] at_____[address], where
the defendant maintains an office or other fixed location for the conduct of business, during
normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

**Page 2 of 4**

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 2-9-21 _____     By: _Monica Kee_____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: 2 - 9 - 21 _____

_Charles Kee_____
Notary Public

My commission expires: 3|1|30 _____     

CHARLES R. KEESEE
MY COMMISSION # 12710215
EXPIRES: March 1, 2030
Saline County

Additional information regarding service or attempted service:

**Page 3 of 4**

## AFFIDAVIT OF SERVICE

| Case:<br>14CV-20-212-6 | Court:<br>IN THE CIRCUIT COURT OF COLUMBIA COUNTY,<br>ARKANSAS CIVIL DIVISION | County:<br>COLUMBIA | Job:<br>5339393 (14CV-20-212-6) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>DOYLE WESLEY HUGHES AND HOLLY HUGHES | | Defendant / Respondent:<br>FORD MOTOR COMPANY; WRAY FORD, INC.; DONLEN<br>CORPORATION; DONLEN TRUST; DONLEN TRUST II; DONLEN<br>MOBILITY SOLUTIONS, INC.; REITNOUER ENTERPRISES, INC.;<br>REITNOUER, INC.; AND STEADY SOURCE CO D/B/A STEADY LANES | | |
| Received by:<br>WOLF LEGAL PROCESS | | For:<br>PAUL BYRD LAW FIRM | |
| To be served upon:<br>WRAY FORD, INC. C/O GEORGE D. WRAY, III | | | |

I, NORMAN HOGAN, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** WRAY FORD, INC. C/O GEORGE D. WRAY, III, 2851 BENTON ROAD, Bossier City, Parish of Bossier, LA 71111
**Manner of Service:** Corporation, Feb 9, 2021, 3:23 pm CST
**Documents:** SUMMONS, COMPLAINT (Received Feb 8, 2021 at 5:18pm CST)

**Additional Comments:**
Successful Attempt: Feb 9, 2021, 3:23 pm CST at 2851 BENTON ROAD, Bossier City, Parish of Bossier, LA 71111 received by WRAY FORD, INC.
By delivering a true copy of the documents to Greg Snelling, general manager. George D Ray III comes into this location randomly.

NORMAN HOGAN _____   February 11, 2021
                                          **Date**

WOLF LEGAL PROCESS
4830 Line Ave Suite 132
Shreveport, LA 71106
(318) 754-5380

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
**Notary Public**
2-11-21 _____   Life
**Date**          **Commission Expires**



WILLIAM LANCE FOUTS
Notary Public
Notary ID No. 138509
Caddo Parish, Louisiana
My Commission is for life.

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                              PLAINTIFFS

vs.                                    Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                                       DEFENDANTS

## PLAINTIFFS' MOTION/NOTICE OF NONSUIT
## OF SEPARATE DEFENDANT DONLEN TRUST ONLY

Comes now the undersigned attorneys, and for their Motion/Notice of Nonsuit against

Separate Defendant Donlen Trust only, states as follows:

1.     Plaintiffs Doyle Hughes and Holly Hughes hereby give notice of their voluntary

dismissal without prejudice of their Complaint against only Separate Defendant Donlen Trust

pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure.

**WHEREFORE**, pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure, Plaintiffs

respectfully pray that their Motion/Notice for Voluntary Dismissal be granted and for all other

just and proper relief to which they are entitled.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118

FILED FOR RECORD
This 23 Day of Feb 20 21
at 15:10 o'clock P m
ANGELA KEITH
CIRCUIT CLERK
COLUMBIA COUNTY, ARKANSAS
By

Ashley Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By:          _____

Ashley Jordan Davis, ABN 2017034

## CERTIFICATE OF SERVICE

I, Ashley Jordan Davis, do hereby certify that a true and correct copy of the foregoing pleading has been delivered **via U.S. Mail** on February 23, 2021:

| | |
|---|---|
| Ford Motor Company<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AR 72201<br>*Defendant* | Wray Ford, Inc.<br>c/o George D. Wray, III<br>2851 Benton Road<br>Bossier City, LA 71111<br>*Defendant* |
| Reitnouer Enterprises, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* | Reitnouer, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA  19508<br>*Defendant* |
| Steady Source CO d/b/a Steady Lanes<br>c/o Alex Ilyushov<br>930 E. Tower Court #8<br>Palatine, Illinois 60074<br>*Defendant* | Donlen Trust<br>c/o U.S. Bank Trust National Association<br>1011 Centre Road, Suite 203<br>Wilmington, DE 19805<br>*Defendant* |

_____
Ashley Jordan Davis

FILED FOR RECORD
This 2 2 Day of Feb 20 21
at 12:10 o'clock p m
ANGELA KEITH
CIRCUIT CLERK
COLUMBIA COUNTY, ARKANSAS
By _____ D.C.

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                            PLAINTIFFS

vs.                          Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                     DEFENDANTS

ORDER GRANTING PLAINTIFFS' MOTION/NOTICE OF VOLUNTARY DISMISSAL

Upon Motion of the Plaintiffs, this matter against the following are hereby dismissed

without prejudice pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure:

> Ford Motor Company
> Wray Ford, Inc.
> Reitnouer Enterprises, Inc.
> Reitnouer, Inc.
> Steady Source CO d/b/a Steady Lanes

HONORABLE SPENCER SINGLETON
COLUMBIA COUNTY CIRCUIT JUDGE

DATED: February 22, 2021

PREPARED BY:
PAUL BYRD LAW FIRM
415 N. McKinley St., Suite 210
Little Rock, AR 72205
(501) 420-3050
(501) 420-3128 Fax

ATTORNEYS FOR PLAINTIFFS

By: _____

Paul Byrd, ABN 85020
paul@paulbyrdlawfirm.com
Ashley Jordan Davis, ABN 2017034
jordan@paulbyrdlawfirm.com



FILED FOR RECORD
This 23 Day of Feb 20 21
at 12:04 o'clock p m
ANGELA KEITH
CIRCUIT CLERK
COLUMBIA COUNTY, ARKANSAS
By _____ D.C.

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION - 6TH

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

v.                              No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST;
DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES              DEFENDANTS

### ANSWER OF REITNOUER, INC.

Comes the Defendant, REITNOUER, INC., and for its Answer to Complaint,

states:

1.      Paragraph 1 of the Complaint appears to be a statement not requiring

an admission or denial, but, to the extent it refers to "a Reitnouer Semi-Trailer"

without specifically referring to the entity that designed, manufactured, or sold such

trailer, however, it would state it is without knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in such Paragraph.

2.      It is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in Paragraphs 2 and 3 of the Complaint.

3.      It is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 4, 5, 6, 7, 8, 9, 10, and 11 of the Complaint.

4.      It generally admits it is a business organized under the laws of a state other than Arkansas and, therefore, admits that portion of Paragraph 12 of the Complaint.

5.      Paragraph 13 of the Complaint appears to be a statement not requiring an admission or denial, but, to the extent Plaintiffs refer to separate corporations as one entity, such Paragraph is denied.

6.      Paragraph 14 of the Complaint appears to be a statement not directed to this Defendant.  To the extent it alleges or attempts to allege any improper act or omission by this Defendant, however, such Paragraph is denied.

7.      To the extent Paragraph 15 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

8.      Having stated that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of the Complaint, and having further stated it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the

manner in which the accident made subject of the Complaint occurred, it cannot admit to Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, or 33 of the Complaint.

9.      To the extent Paragraph 34 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

10.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 35, 36, 37, 38, 39, 40, and 41 of the Complaint and, therefore, denies all such allegations contained within those Paragraphs.

11.     To the extent Paragraph 42 of the Complaint alleges any improper act or omission by this Defendant, or any claim or cause of action as to this Defendant, such Paragraph is denied.

12.     To the extent Paragraph 43 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

13.     Paragraphs 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 of the Complaint appear to be directed to other Defendants in this matter.  To the extent such Paragraphs allege or attempt to allege any improper act or omission by this Defendant, or any cause of action or

claim as against this Defendant, however, such Paragraphs are denied.

14.     To the extent Paragraph 69 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

15.     Defendant has not yet been able to ascertain the truthfulness or accuracy of the allegations set forth in Paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, and 93 of the Complaint and, therefore, states it is without knowledge or information sufficient to form a belief as to the truth of such allegations, and generally and specifically denies all such contentions.  It further denies any claim or cause of action as against this Defendant set forth in those Paragraphs.

16.     To the extent Paragraph 94 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

17.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding damages or injuries claimed or otherwise asserted by or on behalf of the Plaintiffs and, therefore, denies all such allegations as appear in Paragraphs 95, 96, 97, 98, 99, and 100 of the Complaint.

18.     To the extent Paragraph 101 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer,

such Paragraph is denied.

19.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding damages or injuries claimed or otherwise asserted by or on behalf of the Plaintiffs and, therefore, denies Paragraph 102 of the Complaint.

20.     To the extent Paragraph 103 of the Complaint incorporates, by reference, other allegations previously denied or denied elsewhere in this Answer, such Paragraph is denied.

21.     It denies Paragraphs 104 and 105 of the Complaint and, in the affirmative, state the Complaint has failed to set forth facts sufficient to form a cause of action for or from which punitive damages might be awarded.

22.     It denies all material allegations regarding any claim, cause of action, or element of damages, including punitive damages, set forth in the Complaint which have not been specifically admitted to in this Answer.  Pleading further, and in the affirmative, it states:

> (a)     Process was inadequate or insufficient as to this Defendant;
>
> (b)     Service of process was inadequate or insufficient as to this Defendant;
>
> (c)     Some or all of the claims asserted by Plaintiffs are barred by doctrines of waiver, laches, spoliation, and failure to provide adequate

and timely notice;

(d)     If the Plaintiffs sustained damages or injuries, such were proximately caused, in whole or in part, by the acts or omissions of person or persons over whom this Defendant had no control and from whom this Defendant is entitled to contribution, indemnity, or apportionment of fault;

(e)     At all times made subject of the events set forth in the Complaint, this Defendant complied with existing laws, rules, and regulations with regard to semi-trailers as referred to in Paragraphs 26, 27, 28, and 29 of the Complaint;

(f)     It adopts and realleges each and every affirmative defense set forth in Answers filed on behalf of FORD MOTOR COMPANY; WRAY FORD, INC.; DONLEN CORPORATION; DONLEN TRUST; DONLEN TRUST II; DONLEN MOBILITY SOLUTIONS, INC.; and STEADY SOURCE CO d/b/a STEADY LANES to the extent such defenses apply to this Defendant; and

(g)     It reserves all affirmative defenses set forth in Rules 8 and 12 of Arkansas Rules of Civil Procedure to be pled with more specificity upon completion of discovery.

23.     It requests trial by jury.

WHEREFORE, Defendant prays for dismissal of Complaint, for costs, and for all other just and proper relief.

WATTS, DONOVAN, TILLEY & CARSON, P.A.
2120 RIVERFRONT DR, STE 275
LITTLE ROCK AR  72202-1436
(501) 372-1406
(501) 372-1209 FAX
richard.watts@wdtc.law

By: *Richard Watts*

RICHARD N. WATTS (82174)

## CERTIFICATE OF SERVICE

I, Richard N. Watts, hereby certify that a copy of the above and foregoing pleading was electronically mailed to all attorneys of record as listed below this 23 day of February, 2021.

Paul Byrd
Sara Silzer
Paul Byrd Law Firm, PLLC
415 N McKinley St, Ste 210
Little Rock AR  72205-3265

*Richard Watts*

RICHARD N. WATTS (82174)



FILED
Lisa Pennington
2021 MAR 10 P 3:17
COLUMBIA COUNTY, AR

### IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                           PLAINTIFFS

vs.                              Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES            DEFENDANTS

### ORDER GRANTING PLAINTIFFS' MOTION/NOTICE OF VOLUNTARY DISMISSAL

Upon Motion of the Plaintiffs, this matter against the following are hereby dismissed

without prejudice pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure:

Donlen Trust

_____
HONORABLE SPENCER SINGLETON
COLUMBIA COUNTY CIRCUIT JUDGE

DATED: _March 10, 2021_____

PREPARED BY:
PAUL BYRD LAW FIRM
415 N. McKinley St., Suite 210
Little Rock, AR 72205
(501) 420-3050
(501) 420-3128 Fax
ATTORNEYS FOR PLAINTIFFS

By: _____
Paul Byrd, ABN 85020

paul@paulbyrdlawfirm.com
Ashley Jordan Davis, ABN 2017034
jordan@paulbyrdlawfirm.com

Roa Pennington

FILED
2021 JUN -9 PM 1: 52

COLUMBIA COUNTY, AR
ARKANSAS KEITH
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                          **PLAINTIFFS**

vs.                              Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES          **DEFENDANTS**

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME
### TO SERVE ALL REMAINING DEFENDANTS

COMES NOW the Plaintiffs, by and through undersigned counsel, and for their

Extension of Time to Serve All Remaining Defendants, state as follows:

1.     On November 12 2020, Plaintiffs filed their Complaint against Defendants.

Pursuant to Fed. R. Civ. P. 4(i), the time limit for service of summons in this matter would have

expired on March 12, 2021.

2.     On November 25, 2020, counsel for Plaintiffs received Notice that Defendants

Donlen Corporation and Donlen Mobility Solutions, Inc. were in a Bankruptcy lawsuit. *See*

Exhibit A.

3.  On February 22, 2021, this Court entered an Order Granting Plaintiffs' Motion/Notice of Voluntary Dismissal of Defendants Ford Motor Company, Wray Ford, Inc., Reitnouer Enterprises, Inc., Reitnouer, Inc., and Steady Source CO d/b/a Steady Lanes.

4.  On March 10, 2021, this Court entered an Order Granting Plaintiffs' Motion/Notice of Voluntary Dismissal of Defendant Donlen Trust.

5.  On February 11, 2021, this Court entered an Order Extending Time to Serve All Defendants which extended the time for service of summons on all Defendants an additional 90 days from March 12, 2021. Therefore, the time limit for service of summons in this matter will now expire on June 10, 2021.

6.  The remaining Defendants are in Bankruptcy, except for Donlen Trust II. Due to the Bankruptcy and the similarly named entities, Plaintiffs request additional time to sort out the service of process issues. Donlen Trust II may not even exist, however, counsel for Plaintiffs discovered the name in a document.

7.  Because of the great prejudice Plaintiffs would suffer if there is an issue with process and/or service of process of any Defendants, good cause exists for extending the time limit for service of summons on all remaining Defendants.

8.  Plaintiffs request this Honorable Court to extend the time limit for service of summons on all remaining Defendants in the above styled and numbered cause for a practical limit of time to be no less than an additional 90 days from June 10, 2021, but if the Court is inclined to provide more time due to the Stay in Bankruptcy, then Plaintiffs request a limit of time the Court is willing to provide.

9.  Plaintiffs will suffer great prejudice if perfection of service is not completed on all remaining Defendants, and their case is dismissed. However, Defendants will not be prejudiced by an extension.

WHEREFORE, the Plaintiffs, pray that this Court grant their Motion for Extension of Time to Serve All Remaining Defendants; that this Court extend the time limit for service of summons on all Defendants in the above styled and numbered cause for a practical limit of time to be no less than a minimum of an additional 90 days from June 10, 2021; that the Plaintiffs be awarded their costs and attorney's fees; and for all other just and proper relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
Ashley Jordan Davis, Ark. Bar No. 2017034
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com

By: _____

Paul Byrd, ABN 85020

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                    PLAINTIFFS

vs.                              Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                 DEFENDANTS

Exhibit A to Plaintiffs' Motion for Extension of Time to Serve All Remaining Defendants

SRF 48497

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 999** |

## NOTICE OF FILING OF AMENDMENTS TO CERTAIN OF DEBTOR DONLEN CORPORATION'S SCHEDULES OF ASSETS AND LIABILITIES (CASE NO. 20-11228)

PLEASE TAKE NOTICE that, on August 11, 2020, Donlen Corporation ("**Donlen**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), filed its *Schedules of Assets and Liabilities* [Docket No. 999] (the "**Schedules**") with the United States Bankruptcy Court for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that Donlen is hereby filing amendments to the Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum), Schedule A/B (Assets – Real and Personal Property), Schedule D (Creditors Who Have Claims Secured by Property), Schedule E/F (Creditors Who Have Unsecured Claims), Schedule G (Executory Contracts and Unexpired Leases), and Schedule H (Codebtors) (collectively, the "**Amended Schedules**").

PLEASE TAKE FURTHER NOTICE that a copy of the Amended Schedules is attached hereto as **Exhibit 1**. Amended Schedules A/B, D, E/F and G are a supplement to, and

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, which are jointly administered for procedural purposes, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

Docket No. 1886, 8
Filed: 11/21/20

do not replace, the previously filed Schedules A/B, D, E/F and G. For the avoidance of doubt, the Amended Schedule D and Amended Schedule E/F do not affect any claimants or claims identified on Schedule D and Schedule E/F (filed on August 11, 2020) but not identified on the corresponding Amended Schedule. The Amended Schedule H, however, supersedes and replaces in all respects the Schedule H filed on August 11, 2020, and the Amended Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum) supersedes and replaces in all respects the Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum), filed on August 11, 2020 [Docket No. 999]. The Amended Schedules are incorporated into, and comprise an integral part of, the Schedules.

PLEASE TAKE FURTHER NOTICE that, pursuant to Paragraph 6 of the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, and Approving the Form and Manner of Notice Thereof* [Docket No. 1240] (the "**Bar Date Order**"), if any claimant affected by the amendment to Schedule D and/or Schedule E/F disagrees with the nature, amount or characterization of their claim(s), then the affected claimant must file a proof of claim with respect to such claim no later than **December 28, 2020 at 5:00 p.m. (prevailing Eastern Time)** (the "**Amended Schedules Bar Date**"). The Amended Schedules Bar Date only applies to a claimant that previously did not receive notice of the General Bar Date (as defined in the Bar Date Order) or whose claim is affected by the amendment to Schedule D and/or Schedule E/F. The inclusion of a creditor in the Amended Schedules is not intended to waive any right of the Debtors and shall not be construed as a waiver of any of the Debtors' rights, including without limitation, the Debtors' rights pursuant to Paragraphs 7 and 24 of the Bar Date Order. Copies of the Bar Date Order, the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising*

*Under Section 503(b)(9) of the Bankruptcy Code, Against Debtors* [Docket No. 1243] (the "**Bar Date Notice**") (which includes certain definitions and instructions), and proof of claim form may be obtained free of charge by visiting the Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

Donlen reserves its right to further amend the Schedules, from time to time as may be necessary or appropriate.

[*Remainder of page intentionally left blank*]

3

Dated: November 21, 2020

*/s/ Brett M. Haywood*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
andrea.amulic@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:      (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Debtors and
Debtors-in-Possession*

4

# EXHIBIT 1

Due to the voluminous nature of the Amended Schedules, the Amended Schedules are not attached hereto. However, electronic copies of the Amended Schedules for each Debtor are available for free on the website of Prime Clerk, LLC, the Debtors' claims and noticing agent in these chapter 11 cases ("**Prime Clerk**"), at https://restructuring.primeclerk.com/hertz by clicking on the "Quick Links" drop-down menu, and selecting "Amended Schedules & SOFA." Hard copies can also be available upon request by contacting Prime Clerk (i) via telephone at (877) 428-4661 (toll-free in the U.S.) or (929) 955-3421 (for parties outside the U.S.) or (ii) via email at hertzinfo@primeclerk.com.

## United States Bankruptcy Court, District of Delaware

| Fill in this information to identify the case (Select only one Debtor per claim form): | | | |
|---|---|---|---|
| The Hertz Corporation (Case No. 20-11218) | Dollar Rent A Car, Inc (Case No. 20-11226) | Hertz Car Sales LLC (Case No. 20-11234) | Thrifty Car Sales, Inc. (Case No. 20-11242) |
| Hertz Global Holdings, Inc. (Case No. 20-11219) | Dollar Thrifty Automotive Group Canada Inc. (Case No. 20-11227) | DTG Supply, LLC (Case No. 20-11235) | Hertz Technologies, Inc. (Case No. 20-11243) |
| Thrifty Rent-A-Car System. LLC (Case No. 20-11220) | Donlen Corporation (Case No. 20-11228) | Hertz Global Services Corporation (Case No. 20-11236) | TRAC Asia Pacific. Inc. (Case No. 20-11244) |
| Thrifty, LLC (Case No. 20-11221) | Donlen FSHCO Company (Case No. 20-11229) | Hertz Local Edition Corp. (Case No. 20-11237) | Hertz Transporting, Inc. (Case No. 20-11245) |
| Dollar Thrifty Automotive Group, Inc. (Case No. 20-11222) | Hertz Canada Limited (Case No. 20-11230) | Hertz Local Edition Transporting, Inc. (Case No. 20-11238) | Rental Car Group Company, LLC (Case No. 20-11246) |
| Firefly Rent A Car LLC (Case No. 20-11223) | Donlen Mobility Solutions, Inc. (Case No. 20-11231) | Donlen Fleet Leasing Ltd. (Case No. 20-11239) | Rental Car Intermediate Holdings, LLC (Case No. 20-11247) |
| CMGC Canada Acquisition ULC (Case No. 20-11224) | DTG Canada Corp. (Case No. 20-11232) | Hertz System, Inc. (Case No. 20-11240) | |
| Hertz Aircraft, LLC (Case No. 20-11225) | DTG Operations, Inc. (Case No. 20-11233) | Smartz Vehicle Rental Corporation (Case No. 20-11241) | |

## Modified Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Where should notices to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Name

Number     Street

City          State          ZIP Code

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City          State          ZIP Code

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____

Filed on _____
MM  / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. Does this amount include interest or other charges?

    ❑ No

    ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

    ❑ Motor vehicle

    ❑ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**     $_____

    **Amount of the claim that is secured:**     $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**     $_____

    **Annual Interest Rate (when case was filed)** _____%

    ❑ Fixed

    ❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. Amount necessary to cure any default as of the date of the petition.     $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

---

Modified Official Form 410         **Proof of Claim**         

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. Check one:           **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____<br><br>☐ Up to \$3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____<br><br>☐ Wages, salaries, or commissions (up to \$13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.   $_____<br><br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**   $_____ |

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to \$500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____
Signature
**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____<br>First name     Middle name     Last name |
| Title | _____ |
| Company | _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____<br>Number     Street |
| | _____<br>City     State     ZIP Code |
| Contact phone | _____    Email _____ |

Modified Form 410

# **Instructions for Proof of Claim**

United States Bankruptcy Court                                                                                     12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- ◻ **Fill in all of the information about the claim as of the date the case was filed.**

- ◻ **Fill in the caption at the top of the form.**

- ◻ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ◻ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ◻ **Do not attach original documents because attachments may be destroyed after scanning.**

- ◻ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- ◻ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- ◻ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/hertz/.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

Claimants filing claims under section 503(b)(9) of the Bankruptcy Code must also include a supplemental statement or attach documentation to the Proof of Claim specifying (i) the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Offers to purchase a claim**

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

If by first class mail:
The Hertz Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by hand delivery, or overnight courier:
The Hertz Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.primeclerk.com/hertz/EPOC-Index.

**Do not file these instructions with your form**

Prime Clerk, LLC
Grand Central Station
PO Box 4850
New York, NY 10163-4850

LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT/GENERAL COUNSE

***SBDN Hertz 2680 SRF 48497 PackID: 17 MMLID: 11406633 Svc: DC_DEF
DOYLE HUGHES
PAUL BYRD LAW FIRM
ATTN: JOSEPH GATES, ESQ.
415 N. MCKINLEY STREET, SUITE 210
LITTLE ROCK AK 72205



ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2021-Jun-09  13:47:02
14CV-20-212
C13D06 : 2 Pages

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                                    PLAINTIFFS

vs.                                    Case No. 14CV-20-212

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                          DEFENDANTS

<u>ORDER EXTENDING TIME TO SERVE ALL REMAINING DEFENDANTS</u>

Came on This Day the Plaintiffs' Motion for Extension of Time to Serve All Remaining

Defendants. From the pleadings filed, and all other matters considered, this Court hereby FINDS

and ORDERS that:

1.      For good cause shown, Plaintiffs' Motion for Extension of Time to Serve All

Remaining Defendants is hereby granted and the time for service of summons an all Defendants

in the above styled case is extended from June 10, 2021 to _October 8, 2021 - 120 days._

IT IS SO ORDERED.

_____
HONORABLE SPENCER SINGLETON
COLUMBIA COUNTY CIRCUIT JUDGE

DATED: _June 8, 2021_

PREPARED BY:
PAUL BYRD LAW FIRM

415 N. McKinley St., Suite 210
Little Rock, AR 72205
(501) 420-3050
(501) 420-3128 Fax
ATTORNEYS FOR PLAINTIFFS

By:_____

Paul Byrd, ABN 85020
paul@paulbyrdlawfirm.com
Ashley Jordan Davis, ABN 2017034
jordan@paulbyrdlawfirm.com

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2021-Oct-07  09:38:12
14CV-20-212
C13D06 : 2 Pages

**IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION**

**DOYLE WESLEY HUGHES and
HOLLY HUGHES**                                                                **PLAINTIFFS**

**vs.**                                        **Case No. 14CV-20-212**

**FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES**                **DEFENDANTS**

## ENTRY OF APPEARANCE

Comes now, Dusty Dawn Smith, ABN 2021262, of Paul Byrd Law Firm, PLLC, and

enters her appearance as attorney of record for Plaintiffs Doyle Wesley Hughes and Holly

Hughes, in these proceedings.

Respectfully submitted,

Dusty Dawn Smith, Ark. Bar No. 2021262
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
dusty@paulbyrdlawfirm.com

By:     __/s/ Dusty Dawn Smith_____
Dusty Dawn Smith, Ark. Bar No. 2021262

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 7th day of October, 2021 I have electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to all parties of record.

<div align="right">

/s/ Dusty Dawn Smith
Dusty Dawn Smith

</div>

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2021-Oct-08  01:40:29
14CV-20-212
C13D06 : 2 Pages

### IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### SIXTH DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

**vs.**                                  **Case No. 14CV-20-212**

**FORD MOTOR COMPANY et al.**                          **DEFENDANTS**

<u>**MOTION TO WITHDRAW AS COUNSEL**</u>

**Comes Now**, Ashley Jordan Davis, Ark. Bar No. 2017034, and for her Motion to Withdraw as Counsel for the Plaintiffs, states that:

1.      Ashley Jordan Davis served as attorney of record for the Plaintiffs during her employment with Attorney Paul Byrd, Paul Byrd Law Firm, PLLC.

2.      Since the filing of Plaintiffs' Complaint, Ashley Jordan Davis has resigned from Paul Byrd Law Firm, PLLC.

3.      Attorneys Paul Byrd, Sara Silzer, and Dusty Dawn Smith, Paul Byrd Law Firm, PLLC remain counsel for the Plaintiffs.

4.      Because Plaintiffs have other counsel, Ms. Davis' withdrawal may be accomplished without harm or prejudice to the Plaintiffs.

5.      As the Paul Byrd Law Firm, PLLC retained the Plaintiffs' file, Ms. Davis is not in possession of any papers or property of the Plaintiffs.

6.      Additionally, Ms. Davis is not in possession of any unearned fees from the Plaintiffs.

7.      Ashley Jordan Davis respectfully requests that she be relieved as

Plaintiffs' attorney of record.

**WHEREFORE**, good cause having been shown to exist, Ashley Jordan Davis,

moves this honorable Court to relieve her as counsel for the Plaintiffs pursuant to Ark.

R. Civ. P. 64.

<div style="margin-left:40%">

Respectfully submitted,

By:    /s/ Ashley Jordan Davis
**Ashley Jordan Davis**, ABN 2017034
HALE & YOUNG, P.L.L.C.
4801 N. Hills Blvd., Ste. 1550
North Little Rock, AR 72116
(501) 753-4800
jdavis@virgilyoung.com

</div>

### CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I have electronically filed the foregoing with the Clerk of the Court via using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to all parties of record.

_____/s/ Ashley Jordan Davis_____
Ashley Jordan Davis

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2021-Oct-08  10:11:48
14CV-20-212
C13D06 : 3 Pages

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
SIXTH DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                                    PLAINTIFFS

vs.                                              Case No. 14CV-20-212

FORD MOTOR COMPANY et al.                                        DEFENDANTS

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

Came on this day the Motion of the Petitioner, Ashley Jordan Davis, to Withdraw

as Counsel for the Plaintiffs and, based on the pleadings, the Court finds:

1.      Ashley Jordan Davis served as attorney of record for the Plaintiffs during

her employment with Attorney Paul Byrd, Paul Byrd Law Firm, PLLC.

2.      Since the filing of Plaintiffs' Complaint, Ashley Jordan Davis has resigned

from Paul Byrd Law Firm, PLLC.

3.      Attorneys Paul Byrd, Sara Silzer, and Dusty Dawn Smith, Paul Byrd Law

Firm, PLLC remain counsel for the Plaintiffs.

4.      Because Plaintiffs have other counsel, Ms. Davis' withdrawal may be

accomplished without harm or prejudice to the Plaintiffs.

5.      As the Paul Byrd Law Firm, PLLC retained the Plaintiffs' file, Ms. Davis is

not in possession of any papers or property of the Plaintiffs.

6.      Additionally, Ms. Davis is not in possession of any unearned fees from the

Plaintiffs.

**IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that Ashley Jordan Davis is hereby relieved of her duties as counsel for Plaintiffs.

**IT IS SO ORDERED.**

_____

**HONORABLE SPENCER SINGLETON**
**COLUMBIA COUNTY CIRCUIT JUDGE**


**DATED:**_____

**PREPARED BY:**

Ashley Jordan Davis, ABN 2017034
HALE & YOUNG, P.L.L.C.
4801 N. Hills Blvd., Ste. 1550
North Little Rock, AR 72116
T: (501) 753-4800
F: (501) 753-7477
Email: jdavis@virgilyoung.com



Arkansas Judiciary

**Case Title:**     DOYLE AND HOLLY HUGHES V FORD MOTOR
                    COMPANY ETAL

**Case Number:**   14CV-20-212

**Type:**           ORDER TO WITHDRAW

So Ordered

Spencer G. Singleton, 13th Circuit
Division 6 Judge

Electronically signed by SGSINGLETON on 2021-10-08 10:11:51    page 3 of 3

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2021-Oct-14  17:28:50
14CV-20-212
C13D06 : 4 Pages

**IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION**

**DOYLE WESLEY HUGHES and
HOLLY HUGHES**                                          **PLAINTIFFS**

**vs.**                          **Case No. 14CV-20-212**

**FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES**          **DEFENDANTS**

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME
TO SERVE ALL REMAINING DEFENDANTS**

COMES NOW the Plaintiffs, by and through undersigned counsel, and for their Extension of Time to Serve All Defendants, states as follows:

1.     On November 12 2020, Plaintiffs filed their Complaint against Defendants. Pursuant to Fed. R. Civ. P. 4(i), the time limit for service of summons in this matter would have expired on March 12, 2021.

2.     On November 25, 2020, counsel for Plaintiffs received Notice that Defendants Donlen Corporation and Donlen Mobility Solutions, Inc. were in a Bankruptcy lawsuit.  See Exhibit A.

3.     Plaintiffs filed a Motion for Extension of Time to Serve all Defendants, and on February 22, 2021, the Court subsequently granted Plaintiffs' Motion for a 90-day extension from the March 12, 2021 deadline, for the good cause of several Donlen Defendants having a Stay in place in bankruptcy proceedings.

4.     On March 10, 2021, this Court entered an Order Granting Plaintiffs' Motion/Notice of Voluntary Dismissal of Defendant Donlen Trust.

5.     Plaintiffs filed a Motion for Extension of Time to Serve all Defendants, and this Court subsequently granted Plaintiffs' Motion from a 120-day extension from the June 10, 2021 deadline to October 8, 2021, for the good cause of several Donlen Defendants continuing to have a Stay in place in bankruptcy proceedings.

6.     Plaintiffs named several Donlen Defendants in their Complaint and some of these Defendants continue to be in a bankruptcy action with a stay in place.

7.     The remaining Defendants are in Bankruptcy, except for Donlen Trust II.  Due to the Bankruptcy and the similarly named entities, Plaintiffs request additional time to sort out the service of process issues.  Donlen Trust II may not even exist, however, counsel for Plaintiffs discovered the name in a document.

8.     Pursuant to the Supreme Court of Arkansas's Per Curiam Order delivered on June 11, 2020, the suspension of the time requirements under Ark. R. Civ. P. 4(i) announced in the per curiam order of April 28, 2020 shall remain in effect until further notice.  *See In re Response to the COVID-19 Pandemic-Amendments to Court Rules,* 2020 Ark. 164 (per curiam).

9.     Some of the Defendants have been served in this matter, and some have not. Defendants might raise affirmative defenses of insufficiency of process and insufficiency of service of process in their Answers.

10.     Because of the great prejudice Plaintiffs would suffer if there is an issue with process and/or service of process of any Defendants, good cause exists for extending the time limit for service of summons on all Defendants.

6.      Plaintiffs request this Honorable Court to extend the time limit for service of summons on all remaining Defendants in the above styled and numbered cause for a practical limit of time to be no less than an additional 90 days from October 8, 2021, but if the Court is inclined to provide more time due to the Stay in Bankruptcy, then Plaintiffs request a limit of time the Court is willing to provide.

7.      Plaintiffs will suffer great prejudice if perfection of service is not completed on all Defendants, and their case is dismissed.   However, Defendants will not be prejudiced by an extension.

WHEREFORE, the Plaintiffs, pray that this Court grant their Motion for Extension of Time to Serve All Defendants; that this Court extend the time limit for service of summons on all Defendants in the above styled and numbered cause no less than an additional 90 days from October 8, 2021; that the Plaintiffs be awarded their costs and attorney's fees; and for all other just and proper relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com

By:      /s/Paul Byrd
         Paul Byrd, ABN 85020

## <u>CERTIFICATE OF SERVICE</u>

     I, Paul Byrd, do hereby certify that a true and correct copy of the foregoing pleading has been delivered **via U.S. Mail** on October 14, 2021:

| | |
|---|---|
| Ford Motor Company<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AR 72201<br>*Defendant* | Wray Ford, Inc.<br>c/o George D. Wray, III<br>2851 Benton Road<br>Bossier City, LA 71111<br>*Defendant* |
| Reitnouer Enterprises, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA 19508<br>*Defendant* | Reitnouer, Inc.<br>5 E. Pointe Drive<br>Birdsboro, PA  19508<br>*Defendant* |
| Steady Source CO d/b/a Steady Lanes<br>c/o Alex Ilyushov<br>930 E. Tower Court #8<br>Palatine, Illinois 60074<br>*Defendant* | Donlen Trust<br>c/o U.S. Bank Trust National Association<br>1011 Centre Road, Suite 203<br>Wilmington, DE 19805 |

                           /s/Paul Byrd

                             Paul Byrd

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Jan-31  12:59:02
14CV-20-212
C13D06 : 3 Pages

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                                 **PLAINTIFFS**

**vs.**                          **Case No. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                       **DEFENDANTS**

### <u>ENTRY OF APPEARANCE</u>

Comes now, Patrick Kirby, ABN 88125, of Paul Byrd Law Firm, PLLC, and enters his

appearance as attorney of record for Plaintiffs, Doyle Wesley Hughes and Holly Hughes, in these

proceedings.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Sara Silzer, Ark. Bar No. 98118
Dusty Dawn Smith, Ark. Bar No. 2021262
Patrick Kirby, Ark. Bar No. 88125
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
dusty@paulbyrdlawfirm.com
patrick@paulbyrdlawfirm.com

By:       /s/ Patrick Kirby

Patrick Kirby, Ark. Bar No. 88125

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that this 31st day of January, 2022 I have electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to all parties of record.

<div align="right">

   /s/Patrick Kirby       
Patrick Kirby

</div>

 **CT** Corporation

**Service of Process Transmittal**
03/01/2022
CT Log Number 541140646

**TO:** Chuck Morici
FORD MOTOR COMPANY
1 American Rd
Dearborn, MI 48126-2798

**RE:** **Process Served in Arkansas**

**FOR:** Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Doyle Wesley Hughes and Holly Hughes, Pltfs. // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Attachment(s), Amended Complaint |
| **COURT/AGENCY:** | Columbia County Circuit Court, AR<br>Case # 14CV20212 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/14/2019 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2022 at 09:50 |
| **JURISDICTION SERVED :** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Paul Byrd<br>Paul Byrd Law Firm, PLLC<br>415 N. McKinley Suite 210<br>Little Rock, AR 72205<br>501-420-3050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/01/2022, Expected Purge Date: 03/06/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>124 West Capitol Avenue<br>Suite 1900<br>Little Rock, AR 72201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 CT Corporation

**Service of Process Transmittal**
03/01/2022
CT Log Number 541140646

**TO:**   Chuck Morici
FORD MOTOR COMPANY
1 American Rd
Dearborn, MI 48126-2798

**RE:**   **Process Served in Arkansas**

**FOR:**   Ford Motor Company  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Order | By Regular Mail on 02/24/2021 at 14:01 postmarked: "Not Post Marked" | Chuck Morici Ford Motor Company | 539102107 |
| Letter, Motion/Notice, Certificate, Order | By Regular Mail on 02/24/2021 at 14:01 postmarked on 02/23/2021 | Chuck Morici Ford Motor Company | 539102010 |
| Letter(s), Motion/Notice, Order | By Regular Mail on 02/23/2021 at 14:29 postmarked on 02/12/2021 | Chuck Morici Ford Motor Company | 539098623 |
| Letter, Order | By Regular Mail on 02/23/2021 at 14:29 postmarked: "Not Post Marked" | Chuck Morici Ford Motor Company | 539098091 |
| Letter(s), Motion, Order | By Regular Mail on 02/23/2021 at 14:29 postmarked on 02/11/2021 | Chuck Morici Ford Motor Company | 539098039 |
| Summons, Proof(s), Attachment(s), Complaint | By Process Server on 02/09/2021 at 11:00 | Chuck Morici Ford Motor Company | 539029795 |

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

**vs.**                          **CASE NO. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**FORD MOTOR COMPANY**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                        CLERK OF COURT
Address of Clerk's Office

Page 1 of 3

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

_____
[Signature of Clerk or Deputy Clerk]

Date: ____2/4/2022_____

[SEAL]

**No. 14CV-20-212 This summons is for FORD MOTOR COMPANY.**

### PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the
defendant at _____[place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____[date] I left the summons and complaint in the close proximity of the
defendant by _____ [describe how the summons and
complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____[address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of
individual], an agent authorized by appointment or by law to receive service of summons on
behalf of _____[name of defendant]; or

☐ On _____ [date] at_____[address], where
the defendant maintains an office or other fixed location for the conduct of business, during
normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Jan-31 15:09:45
14CV-20-212
C13D06 : 23 Pages

**IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS**
**CIVIL DIVISION**

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                      **PLAINTIFFS**

**vs.**                                   **Case No. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                       **DEFENDANTS**

## AMENDED COMPLAINT

Comes now, Doyle Wesley and Holly Hughes, by and through their undersigned attorneys, Paul Byrd Law Firm, PLLC, and for their Amended Complaint to refile against previously nonsuited parties, states:

## INTRODUCTION

1.      The incident that forms the basis of this lawsuit occurred on State Highway 19 on November 14, 2019, at approximately 12:49 P.M.   Doyle Hughes was traveling northbound on State Highway 19 in a 2017 Ford Transit Van (VIN # 1FTYE1YM8HKB37771). At the same time, a Steady Source Co d/b/a Steady Lanes 2020 Freightliner truck hauling a Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) was also traveling northbound on State Highway 19.   When the Steady Source Co d/b/a Steady Lanes truck was stopped in the lane of traffic to make a left turn, Mr. Hughes collided with the Semi-Trailer, but the underride guard failed to prevent the Ford Transit Van driven by Mr. Hughes from crashing under the Semi-Trailer.    Following the crash, the Ford Transit Van caught on fire, which caused very serious and permanent injuries to Mr.

Hughes.  Plaintiffs bring their claim pursuant to Arkansas state law seeking remedy for the injuries suffered by them as a result of the collision and fire.

## PARTIES

2.      Plaintiff Doyle Wesley Hughes is an adult, resident and citizen of Mount Holly, Arkansas, and has been a resident citizen of the State of Arkansas at all material times referred to herein.

3.      Plaintiff Holly Hughes is an adult, resident and citizen of Mount Holly, Arkansas, and has been a resident citizen of the State of Arkansas at all material times referred to herein.

4.      Upon information and belief, Defendant Ford Motor Company (hereinafter referred to as "Ford") is a corporation, incorporated in the State of Delaware, with its principal place of business believed to be in the State of Delaware, which is authorized and conducting business in the State of Arkansas, and which has designated a registered agent in the State of Arkansas.

5.      Upon information and belief, Wray Ford, Inc. is a Louisiana corporation, with its principal place of business in the State of Louisiana. At all relevant times herein, Defendant Wray Ford, Inc. was engaged in the business of marketing, distributing and/or selling Ford trucks,

6.      Upon information and belief, Defendant Donlen Corporation, is a corporation organized and existing under the laws of the State of Illinois.

7.      Upon information and belief, Defendant Donlen Trust, is a statutory trust organized and existing under the laws of the State of Delaware.

8.      Upon information and belief, Defendant Donlen Trust II, is a statutory trust organized and existing under the laws of the State of Delaware.

9.      Upon information and belief, Defendant Donlen Mobility Solutions, Inc., is a corporation organized and existing under the laws of the State of Illinois.

2

10.    Defendants Donlen Corporation, Donlen Trust, Donlen Trust II, and Donlen Mobility Solutions, Inc. are related corporations and may collectively referred to herein as "Donlen."

11.    Upon information and belief, Defendant Reitnouer Enterprises, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania.

12.    Upon information and belief, Defendant Reitnouer, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania.

13.    Defendants Reitnouer Enterprises, Inc. and Reitnouer, Inc. are related corporations and may collectively referred to herein as "Reitnouer."

14.    Upon information and belief, Steady Source Co d/b/a Steady Lanes (hereinafter referred to as "Steady Source") is a corporation organized and existing under the laws of the State of Illinois and was the owner of the Reitnouer Semi-Trailer.

## JURISDICTION AND VENUE

15.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

16.    Jurisdiction is proper under Ark. Code Ann § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under Ark. Const., Art. 7, § 11, which states that the circuit courts shall have jurisdiction in all civil cases.

17.    This Court has general personal jurisdiction over the Plaintiffs because they live in Arkansas.

18.    This Court has specific personal jurisdiction over Defendant Ford because Defendant Ford is authorized to do business in Arkansas; has a registered agent in Arkansas;

3

conducts substantial business in Columbia County, Arkansas; Ford is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing, servicing, warning, instructing, packaging, labeling and selling motor vehicles in the State of Arkansas and throughout the United States, including the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint.

19.     This Court has specific personal jurisdiction over Defendant Ford because Defendant Ford purposely established significant contacts in Arkansas both directly and/or through its authorized dealers and/or supplier networks, has carried out and continues to carry out substantial, continuous and systematic business activities in Arkansas, and regularly conducts business in Columbia County, Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Ford's contacts in Arkansas.

20.     This Court has specific personal jurisdiction over Defendant Wray Ford, Inc., because Defendant Wray Ford, Inc. availed itself the opportunity to conduct business in Arkansas by marketing, distributing and/or selling Ford trucks, including the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint.

21.     This Court also has specific personal jurisdiction over Defendant Wray Ford, Inc. because, at all relevant times, Defendant Wray Ford, Inc. was in the business of selling Ford vehicles and introduced the subject 2017 Ford Transit Van into the stream of commerce with the reasonable expectation that 2017 Ford Transit Van would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Wray Ford, Inc.'s contacts in Arkansas.

22.     This Court has specific personal jurisdiction over Defendant Donlen Corporation because Defendant Donlen Corporation was the lessor of the 2017 Ford Transit Van (VIN:

4

1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this complaint arise from Defendant Donlen Corporation's contacts in Arkansas.

23.     This Court has specific personal jurisdiction over Defendant Donlen Trust because Defendant Donlen Trust was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Trust's contacts in Arkansas.

24.     This Court has specific personal jurisdiction over Defendant Donlen Trust II because Defendant Donlen Trust II was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Trust II's contacts in Arkansas.

25.     This Court has specific personal jurisdiction over Defendant Donlen Mobility Solutions, Inc. because Defendant Donlen Mobility Solutions, Inc. was the lessor of the 2017 Ford Transit Van (VIN: 1FTYE1YM8HKB37771) that forms the basis of this Complaint and the tortious acts and injuries complained of in this Complaint arise from Defendant Donlen Mobility Solution, Inc.'s contacts in Arkansas.

26.     This Court has specific personal jurisdiction over Defendant Reitnouer Enterprises, Inc. because Defendant Reitnouer Enterprises, Inc. is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing, servicing, warning, instructing, packaging, labeling and selling Semi-Trailers throughout the United States, including the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) that forms the basis of this Complaint.

27.     This Court also has specific personal jurisdiction over Defendant Reitnouer Enterprises, Inc. because at all relevant times, Defendant Reitnouer Enterprises, Inc. was in the business of designing, manufacturing and selling Semi-Trailers and introduced the subject

5

Reitnouer Semi-Trailer into the stream of commerce with the reasonable expectation that it would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Reitnouer Enterprises, Inc.'s contacts in Arkansas.

28.   This Court has specific personal jurisdiction over Defendant Reitnouer, Inc. because Defendant Reitnouer, Inc. is engaged in the business of designing, manufacturing, marketing, preparing, assembling, testing, servicing, warning, instructing, packaging, labeling and selling Semi-Trailers throughout the United States, including the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) that forms the basis of this Complaint.

29.   This Court also has specific personal jurisdiction over Defendant Reitnouer, Inc. because at all relevant times, Defendant Reitnouer, Inc. was in the business of designing, manufacturing and selling Semi-Trailers and introduced the subject Reitnouer Semi-Trailer into the stream of commerce with the reasonable expectation that it would be used in Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Reitnouer Enterprises, Inc.'s contacts in Arkansas.

30.   This Court has specific personal jurisdiction over Steady Source because Steady Source submitted itself to the jurisdiction of this Court by at all relevant times, acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment.

31.   This Court also has specific personal jurisdiction over Defendant Steady Source because at all relevant times, Defendant Steady Source was in the business of providing delivery services to many businesses in many venues including the State of Arkansas.   The tortious acts and injuries complained of in this Complaint arise from Defendant Steady Source's contacts in Arkansas.

6

32.     Venue is proper under Ark. Code Ann. § 16-60-101(a), which states that all actions for damages for personal injury shall be brought in (1) the county in which a substantial part of the event or omissions giving rise to the cause of action accrued; (2) the county where an individual defendant resided at the time of the event or omission giving rise to the cause of action; or (3) in the county in which the plaintiff resided at the time of the event or omissions giving rise to the cause of action. This case meets scenarios enumerated in this statute because the personal injury that is at subject in this litigation occurred in Columbia County.

33.     The amount in controversy exceeds, exclusive of interest and costs, the sum required for federal court jurisdiction in diversity of citizenship cases.

## FACTUAL ALLEGATIONS

34.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

35.     On November 14, 2019, at approximately 12:49 P.M., Doyle Hughes was traveling northbound on State Highway 19 in a 2017 Ford Transit Van (VIN #: 1FTYE1YM8HKB37771).

36.     At the same time, a Steady Source 2020 Freightliner truck hauling a Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) was also traveling northbound on State Highway 19.

37.     When the Steady Source truck stopped in the lane of traffic to make a left turn, Mr. Hughes collided with the Semi-Trailer.

38.     The underride guard on the Reitnouer Semi-Trailer failed to prevent Mr. Hughes from crashing under the Semi-Trailer, resulting in damage to the Ford Transit Van's engine that caused the Ford Transit Van to catch on fire.  Because the Ford Transit Van's firewall was defective, the fire came into the passenger compartment almost immediately, which caused very serious and permanent injuries to Mr. Hughes.

7

39.     Additionally, before the collision, Mr. Hughes did not receive any type of warning or notice from the Ford Transit Van of the presence of the other vehicle in his lane of travel, nor was there any type of autonomous braking system that would have lessened the severity of the collision.

40.     As a direct and proximate result of the fault of Defendants, Plaintiff Doyle Hughes suffered serious and catastrophic burn-related injuries, including the loss of his leg, excruciating conscious pain and suffering.   Moreover, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

41.     On November 14, 2019 and at all relevant times, the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085) were defective and/or presented unreasonably hazardous conditions.

42.     Defendants are jointly and severally liable for the injuries and damages alleged herein.

<div align="center">

**COUNT I – STRICT LIABILITY**
**FORD MOTOR COMPANY, WRAY FORD, INC. AND DONLEN DEFENDANTS**
</div>

43.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

44.     The Ford Transit Van that is the subject of this Complaint was designed, manufactured, assembled, distributed, furnished, sold, supplied and/or leased by Defendants in a defective and unreasonably dangerous condition.

45.     The subject Ford Transit Van, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, marketed, distributed, furnished, sold, supplied and/or leased by Defendants and was being used in a foreseeable manner.   The Ford

<div align="center">8</div>

Transit Van was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous, both generally and in the following respects:

    a.  The Ford Transit Van was not designed to include component parts and features to reduce the risk of frontal collisions by way of design and installation of an appropriate driver assistance system to minimize the risk and severity of foreseeable frontal collisions;

    b.  The Ford Transit Van did not include reasonable, appropriate and necessary alternative safety features, components and systems which Defendants knew or should have known were available and effective, including, but not limited to a collision warning system and/or autonomous braking system to provide appropriate tactile, haptic, auditory and/or optical alerts and/or brake application to minimize the risk and/or severity of foreseeable frontal collisions;

    c.  The Ford Transit Van was designed without reasonable, appropriate, necessary, and technologically feasible alternative safety features, components and systems, such as autonomous crash avoidance systems, to minimize the risk and/or severity of foreseeable frontal collisions;

    d.  Failing to market the Ford Transit Van with a standardized forward collision warning system and/or an autonomous braking system;

    e.  Failing to equip the Ford Transit Van as a leased product with a forward collision warning system and/or an autonomous braking system;

    f.  Failing to provide necessary information and/or warnings so that purchasers or lessees would have sufficient notice of the safety importance of available forward collision warnings systems and/or autonomous braking systems that were only supplied as optional equipment;

    g.  The Ford Transit Van was not equipped with a firewall able to keep the engine fire out of the passenger compartment for a reasonable amount of time.

46.    Defendants knew, or in the exercise of reasonable care should have known, the subject Ford Transit Van was unreasonable dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

47.    Pursuant to Arkansas Code Ann. § 16-116-101, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the Ford

Transit Van.   The damages that Doyle Hughes suffered, *inter alia,* include severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

## COUNT II - BREACH OF IMPLIED WARRANTIES
## FORD MOTOR COMPANY, WRAY FORD, INC., AND DONLEN DEFENDANTS

48.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

49.     The defective and dangerous condition of the Ford Transit Van and lack of adequate warnings made it unfit for use, and unfit for the particular purpose.

50.     The subject Ford Transit Van, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, furnished sold, marketed, distributed and/or leased by Defendants was being used in a foreseeable manner.   The Ford Transit Van was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous.   Defendants knew, or in the exercise of reasonable care should have known, the subject Ford Transit Van was unreasonably dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

51.     Plaintiffs are third parties who would foreseeably use and/or be affected by the Ford Transit Van.

52.     The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including the Ford Transit Van that is the subject of this Complaint.

53.     Defendants breached those implied warranties by selling and/or leasing a defective Ford Transit Van that violated the warranties of merchantability and fitness for a particular purpose.

54.     As a direct and proximate result of the Defendants' breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff Doyle Hughes was catastrophically injured and is entitled to an award of actual and consequential damages as previously set forth herein.

## COUNT III – FAILURE TO WARN
## FORD MOTOR COMPANY, WRAY FORD, INC., AND DONLEN DEFENDANTS

55.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

56.     Upon information and belief, the Ford Transit Van was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of Defendants.

57.     Defendants had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff Doyle Hughes, about the dangers of the Ford Transit Van's design and manufacture.

58.     As a direct and proximate result of Defendants' failure to warn, Plaintiff Doyle Hughes sustained serious injuries as previously set forth herein, and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

59.     Defendants' failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant disregard to public safety.   As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

11

## COUNT IV – NEGLIGENCE
## FORD MOTOR COMPANY, WRAY FORD, INC. AND DONLEN DEFENDANTS

60.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

61.    Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the Ford Transit Van that is the subject of this Complaint, and a duty to place a reasonably safe Ford Transit Van into the stream of commerce.

62.    Upon information and belief, the Ford Transit Van which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

63.    Defendants knew or should have known that the Ford Transit Van was inherently dangerous, and was defective as previously set forth herein.

64.    Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects Ford Transit Van that is the subject of this Complaint.

65.    Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

    a.    In designing, manufacturing, and placing into commerce an unsafe Ford Transit Van with a high risk of fire wall failure, thus allowing fire to come into the passenger compartment;

    b.    In failing to properly and adequately design, test, and manufacture the Ford Transit Van;

    c.    In failing to have discovered that the Ford Transit Van was defective;

    d.    In failing to properly inspect, maintain, and assemble the Ford Transit Van that is the subject of this Complaint;

    e.    In placing the defective and unsafe Ford Transit Van into the

12

stream of commerce without adequate warnings, while knowing that the product would be sold and/or loaned and/or leased to and used by persons, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings;

f.    In failing to create and provide sufficient warnings as to the dangerous propensities of the Ford Transit Van to the end-user;

g.    In failing to design and equip the Ford Transit Van with a standard safety system to minimize the risk of foreseeable frontal collisions;

h.    In failing to design and equip the Ford Transit Van with reasonable, appropriate, necessary, and technologically available alternative safety features, components and systems to minimize the risk and/or severity of foreseeable frontal collisions;

i.    In failing to offer and/or include as standard equipment for the Ford Transit Van appropriate and reasonable alternative safety features that Ford offered and/or included as standard equipment on other products, including forward collision mitigations systems;

j.    In failing to standardize forward collision mitigation systems or properly market them to make them affordable to purchasers;

k.    The Donlen Defendants made careless corporate decisions to minimize expenses by failing to purchase a necessary and reasonable collision avoidance system that was offered by Ford as an option on the Ford Transit Van;

l.    The Donlen Defendants failed to equip the Ford Transit Van with reasonable, appropriate, necessary, and technologically available safety features and systems such as those described herein so as not to subject others to foreseeable harm and injury;

m.    Defendant Ford and Wray Ford, Inc. failed to adequately inform the Donlen Defendants of the safety benefit and importance of the collision avoidance systems that were available with the Ford Transit Van; and,

n.    Defendants failed to take the necessary steps to retrofit the Ford Transit Van with a reasonable collision avoidance system.

13

66.    The Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects of the Ford Transit Van that is the subject of this Complaint.

67.    As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of the Defendants, Plaintiff Doyle Hughes was severely injured and is entitled to an award of actual and consequential damages as previously set forth herein.

68.    The Defendants' conduct in designing, manufacturing, selling and/or leasing and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## COUNT V - STRICT LIABILITY
## REITNOUER DEFENDANTS AND STEADY SOURCE

69.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

70.    The Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085)   that is the subject of this Complaint was designed, manufactured, assembled, distributed, furnished, sold, supplied and/or otherwise distributed by Defendants in a defective and unreasonably dangerous condition.

71.    The subject Reitnouer Semi-Trailer, at the time of the collision, was in substantially the same condition as when designed, manufactured, assembled, furnished, sold, marketed, and/or otherwise distributed by Defendants and was being used in a foreseeable manner.   The Reitnouer Semi-Trailer was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous, both generally and in the following respects:

14

a. The Reitnouer Semi-Trailer was not designed and/or manufactured to prevent the type of intrusion experienced by Plaintiff into and under the rear of the Reitnouer Semi-Trailer;

b. The Reitnouer Semi-Trailer was not designed and/or manufactured with reasonable, appropriate, necessary, and technologically feasible alternative safety features, components and systems to minimize the risk and/or severity of the underride of vehicles such as experienced by the Plaintiff; and,

c. In placing the defective and unsafe Reitnouer Semi-Trailer into the stream of commerce without adequate warning, while knowing that the product would be sold and/or loaned and/or leased and/or otherwise distributed to and used by persons/employees, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings.

72.     Defendants knew, or in the exercise of reasonable care should have known, the subject Reitnouer Semi-Trailer was unreasonably dangerous, rendering Defendants strictly liable for the injuries and damages sustained by Plaintiffs.

73.     Pursuant to Arkansas Code Ann. § 16-116-101, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the Reitnouer Semi-Trailer that is the subject of this Complaint.   The damages that Doyle Hughes suffered, *inter alia,* include severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

## COUNT VI - BREACH OF IMPLIED WARRANTIES
## REITNOUER DEFENDANTS AND STEADY SOURCE

74.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

15

75.     The defective and dangerous condition of the Reitnouer Semi-Trailer and lack of adequate warnings made it unfit for use, and unfit for the particular purpose.

76.     The subject Reitnouer Semi-Trailer, at the time of the collision, was in substantially the same condition as when manufactured, sold, marketed, and/or otherwise distributed by Reitnouer and was being used in a foreseeable manner.  The Reitnouer Semi-Trailer was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous.  Defendants knew, or in the exercise of reasonable care should have known, the subject Reitnouer Semi-Trailer was unreasonably dangerous, rendering Reitnouer strictly liable for the injuries and damages sustained by Plaintiffs.

77.     Plaintiff Doyle Hughes is a third party who would foreseeably use and/or be affected by the Reitnouer Semi-Trailer.

78.     The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including the Reitnouer Semi-Trailer that is the subject of this Complaint.

79.     Defendants breached those implied warranties by selling and leasing a defective Reitnouer Semi-Trailer that violated the warranties of merchantability and fitness for a particular purpose.

80.     As a direct and proximate result of the Defendants' breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff Doyle Hughes was catastrophically injured and is entitled to an award of actual and consequential damages as previously set forth herein.

## COUNT VII – FAILURE TO WARN
## REITNOUER DEFENDANTS AND STEADY SOURCE

81.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

16

82.     Upon information and belief, the Reitnouer Semi-Trailer was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

83.     The Defendants had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff Doyle Hughes, about the dangers of the Reitnouer Semi-Trailer design and manufacture.

84.     As a direct and proximate result of Defendants' failure to warn, Plaintiff Doyle Hughes sustained serious injuries as previously set forth herein, and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

85.     The Defendants' failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant disregard to public safety.   As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier

## COUNT VIII – NEGLIGENCE
## REITNOUER DEFENDANTS AND STEADY SOURCE

86.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

87.     The Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the Reitnouer Semi-Trailer, and a duty to place a reasonably safe Reitnouer Semi-Trailer into the stream of commerce.

88.     Upon information and belief, the Reitnouer Semi-Trailer was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold

17

and was, at the time of the accident, in essentially the same condition as when it left the hands of the Defendants.

89.     The Defendants knew or should have known that the Reitnouer Semi-Trailer was inherently dangerous, and was defective as previously set forth herein.

90.     The Defendants had a duty to warn Plaintiff Doyle Hughes as to any defects of the Reitnouer Semi-Trailer.

91.     The Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

a.     In designing, manufacturing, and placing into the stream of commerce an unsafe Reitnouer Semi-Trailer with a high risk of underride guard failure, thus allowing significant intrusion of Doyle Hughes' vehicle;

b.     In failing to properly and adequately design, test, and manufacture the Reitnouer Semi-Trailer:

c.     In failing to have discovered that the Reitnouer Semi-Trailer was defective;

d.     In failing to properly inspect, maintain, and assemble the Reitnouer Semi-Trailer;

e.     In placing the defective and unsafe Reitnouer Semi-Trailer into the stream of commerce without adequate warning, while knowing that the product would be sold and/or loaned and/or leased and/or otherwise distributed to and used by persons/employees, thereby exposing them and other third parties in the vicinity to a high and unreasonable risk of injury without adequate warnings;

f.     In failing to act reasonably under all circumstances;

g.     In failing to exercise adequate control; and

h.     In failing to furnish an underride guard that adhered to industry standards.

18

92.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of the Defendants, Plaintiff Doyle Hughes was severely injured and is entitled to an award of actual and consequential damages as previously set forth herein.

93.     The Defendants' conduct in designing, manufacturing, selling and otherwise distributing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff Doyle Hughes is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## COMPENSATORY DAMAGES SUSTAINED BY DOYLE HUGHES AND HOLLY HUGHES

94.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

95.     The injuries and damages sustained by Plaintiffs, more particularly described below, were produced in a natural and continuous sequence from the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), in addition to Defendants' violations of one or more of the above described independent duties to use ordinary care for the safety of Doyle Hughes.

96.     The injuries and damages sustained by Doyle Hughes were a probable consequence from the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), in addition to Defendants' violations of one or more of the above described independent duties to use ordinary care for the safety of Doyle Hughes.

97.     Defendants should have foreseen and anticipated that the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), as well as any violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Doyle Hughes.

98.     Defendants are strictly liable for the defective and unreasonably dangerous condition of the Ford Transit Van (VIN #: 1FTYE1YM8HKB37771) and the Reitnouer Semi-Trailer (VIN # 1RNF53A24LR050085), and had Defendants not violated one or more of the above-described independent duties to use ordinary care for the safety of Doyle Hughes, then Doyle Hughes' injuries and damages would not have occurred.

99.     The injuries and damages sustained by Doyle Hughes as a result of strict liability and Defendants' violations, include, but are not limited to, the following:

   a. Serious and permanent bodily injuries to Doyle Hughes' body, including, but not limited to, an amputated right leg and 3rd degree burns over 20 – 29% of his body, which is a life changing event causing Doyle Hughes to lose the ability to enjoy a normal quality of life;

   b. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

   c. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

   d. Loss of income in the past and reasonably expected to be experienced in the future;

   e. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

   f. Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes, but is not limited to,

20

Doyle Hughes' loss of quality of life due to permanent injuries causing chronic pain that limits his activities; and

g.   The reasonable expense of any necessary help in Doyle Hughes's home in the past, and reasonably certain to be required in the future, as a result of Doyle Hughes' injuries.

100.   The injuries and damages sustained by Holly Hughes as a result of strict liability and Defendants' violations, include, but are not limited to, the following:

a.   Loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

## AMOUNT OF DAMAGES

101.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

102.   Plaintiffs' injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiffs should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate the, for each and every element of damages that has been suffered.

## PUNITIVE DAMAGES

103.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

104.   Doyle Hughes is entitled to recover punitive damages in accordance with Arkansas law, based upon the Defendants' complete indifference to and conscious disregard for the safety of Doyle Hughes and others, causing or contributing to catastrophic and permanent injuries. Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Doyle Hughes.   Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious

21

injury, and continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

105.    In addition to actual, special, consequential and compensatory damages, Doyle Hughes demands a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above-described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

## DEMAND FOR JURY TRIAL

106.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

107.    Plaintiffs demand a jury trial for all issues of fact presented by this action.

WHEREFORE, Plaintiffs pray that after a jury trial of this action that they be awarded the following:

a.      A judgment against Defendants in such an amount that will fully and fairly compensate them for all of the above-described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

b.      A judgment and verdict against Defendants awarding exemplar or punitive damages as permitted by law;

c.      Loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all the detriment of their marital relationship;

d.      All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

e.      A pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

f.      All other proper relief to which they may be entitled in the premises.

Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020

22

Sara Silzer, Ark. Bar No. 98118
Patrick R. Kirby, Ark. Bar No. 88125
Dusty Dawn Smith, Ark. Bar No. 2021262
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com
sara@paulbyrdlawfirm.com
patrick@paulbyrdlawfirm.com
dusty@paulbyrdlawfirm.com


By:___/s/Paul Byrd_____
       Paul Byrd, Ark. Bar No. 85020

23

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Mar-17  08:18:45
14CV-20-212
C13D06 : 4 Pages

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

**vs.**                              **CASE NO. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**REITNOUER, INC.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                                    CLERK OF COURT

Address of Clerk's Office

IN THE COURT OF COMMON PLEAS

V

*Columbia* COUNTY, ~~PENNSYLVANIA~~ ARKANSAS

CIVIL ACTION –

NO.: 14 CV - 20 - 212

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA         :
                                      :        ss
COUNTY OF ~~CHESTER~~ *BERKS*          :

   I, **Kenneth Hopton,** of Commonwealth Process Services, LLC. do swear or affirm and

depose saying that on   *2-28-22*   at   *8:00 Am* , I did serve a true and correct copy of a

Complaint/Summons/Subpoena, Other:   *" SUMMONS " + " AMENDED*

   *Complaint "*

upon *" REINOUER INC. " / " REINOUER ENTERPRISES INC. "*

at   *# 5 EAST POINTE DRIVE, BERDSBORO, PA - 19508*

by personally handing said copy to him/her.

Commonwealth of Pennsylvania - Notary Seal
Jacqueline A. Smith, Notary Public
Chester County
My commission expires April 24, 2022
Commission number 1331121
Member, Pennsylvania Association of Notaries

_____
**Kenneth Hopton**
Commonwealth Process Services LLC.

Sworn and subscribed before me
this *28* day of *Feb*
20*22*

*Brandi L Chioli   NR Admin Asst*

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

_Mark C Dashnell_
[Signature of Clerk or Deputy Clerk]

Date: _2/4/2022_

[SEAL]

**No. 14CV-20-_212_ This summons is for REITNOUER, INC.**

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____[place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____[date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____[address], a place where the defendant resides; or

MS. BRANDE
☐ On _2·28·22_ [date] I delivered the summons and complaint to _CHIOLI_ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _REITNOUER, INC._ [name of defendant]; or

☐ On _____ [date] at _____[address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

**Page 2 of 3**

My fee is $ _____ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _2·28·22_          By: _____
_8:00 Am | EST_          [Signature of server]

_KENNETH HOPTON  1 "CPS"_
[Printed name]

Address: _751 OAK St._

_COATESVILLE, PA. 19320_

Phone: _610-360-7376_

Subscribed and sworn to before me this date: _Feb 28, 2022_

Commonwealth of Pennsylvania - Notary Seal
Jacqueline A. Smith, Notary Public
Chester County
My commission expires April 24, 2022
Commission number 1331121
Member, Pennsylvania Association of Notaries

_Jacql A.R_
Notary Public

My commission expires: _April 24, 2022_

Additional information regarding service or attempted service:

_X Brandi L Chioli_
_Brandi L Chioli  HR Admin Asst_

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Mar-17  08:18:45
14CV-20-212
C13D06 : 4 Pages

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                         **PLAINTIFFS**

**VS.**                       **CASE NO. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**        **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**REITNOUER ENTERPRISES, INC.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                              CLERK OF COURT

Address of Clerk's Office

IN THE COURT OF COMMON PLEAS

_Columbia_ COUNTY, ~~PENNSYLVANIA~~ _ARKANSAS_

CIVIL ACTION –

NO.: 14 CV - 20 - 212

V

## **AFFIDAVIT OF SERVICE**

**COMMONWEALTH OF PENNSYLVANIA**                :

                                                                              :        ss

**COUNTY OF ~~CHESTER~~** _BERKS_                         :

I, **Kenneth Hopton,** of Commonwealth Process Services, LLC. do swear or affirm and depose saying that on _2-28-22_ at _8:00 Am_, I did serve a true and correct copy of a Complaint/Summons/Subpoena, Other: _"Summons" + "Amended_ _Complaint"_ upon _"Reitnouer Inc." / "Reitnouer Enterprises, Inc."_ at _#5 East Pointe Drive, Bernstboro, Pa. 19508_ by personally handing said copy to him/her.

Commonwealth of Pennsylvania - Notary Seal
Jacqueline A. Smith, Notary Public
Chester County
My commission expires April 24, 2022
Commission number 1331121
Member, Pennsylvania Association of Notaries

_____
**Kenneth Hopton**
Commonwealth Process Services LLC.

Sworn and subscribed before me
this _28_ day of _Feb_
20_22_

_Brandi L Chiol  NR Admin Ast_

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

_Mark C Dadwell_
[Signature of Clerk or Deputy Clerk]

Date: ____2/4/2022____

[SEAL]

**No. 14CV-20-~~212~~ This summons is for REITNOUER ENTERPRISES, INC.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the
defendant at _____ [place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____[date] I left the summons and complaint in the close proximity of the
defendant by _____ [describe how the summons and
complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____[address], a place where the defendant resides; or

☐ On 2-28-22 [date] I delivered the summons and complaint to MS. BRANDI CHEOLI [name of
individual], an agent authorized by appointment or by law to receive service of summons on
behalf of REITNOUER ENTERPRISES, INC. [name of defendant]; or

☐ On _____ [date] at _____ [address], where
the defendant maintains an office or other fixed location for the conduct of business, during
normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

**Page 2 of 3**

My fee is $ _____ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _Z·Z8·Z2_            By: _____
   _8:00 AM / EST_         [Signature of server]

                          _KENNETH HOPEN / "CPS"_
                          [Printed name]

Address: _751 OAK ST._
         _COATESVILLE, PA. 19320_

Phone: _610-360-7376_

Subscribed and sworn to before me this date: _Feb 28, 2022_

_Jacqueline Smith_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Jacqueline A. Smith, Notary Public
Chester County
My commission expires April 24, 2022
Commission number 1331121
Member, Pennsylvania Association of Notaries

My commission expires: _APRIL 24, 2022_

Additional information regarding service or attempted service:
_X Brandi LChioli_
_Brandi C Chioli   NR Admin Asst._

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Mar-17  08:18:45
14CV-20-212
C13D06 : 5 Pages

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                    **PLAINTIFFS**

**vs.**                             **CASE NO. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**          **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**WRAY FORD, INC.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                                    CLERK OF COURT

Address of Clerk's Office

**Page 1 of 3**

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

_____
[Signature of Clerk or Deputy Clerk]

Date: ___2/4/2022___

[SEAL]

**No. 14CV-20-_212_ This summons is for WRAY FORD, INC.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____[place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____[date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____[address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant]; or

☐ On _____ [date] at_____[address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

Page **2** of 3

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

Page **3** of **3**

IN THE IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS CIVIL DIVISION OF COLUMBIA COUNTY,
No. 14CV-20-212-6

DOYLE WESLEY HUGHES AND HOLLY HUGHES                                    PLAINTIFF

VS.

FORD MOTOR COMPANY; WRAY FORD, INC.; DONLEN CORPORATION; DONLEN TRUST; DONLEN TRUST II;       DEFENDANT
DONLEN MOBILITY SOLUTIONS, INC.; REITNOUER ENTERPRISES, INC.; REITNOUER, INC.; AND STEADY SOURCE CO
D/B/A STEADY LANES

## SERVICE RETURN

STATE OF LOUISIANA
COUNTY OF BOSSIER

On Tue, Mar 01 2022 at 2:10 o'clock pm I have duly attempted service of the within *SUMMONS, AMENDED COMPLAINT* by delivering a copy of these same documents to the person and place stated below:

**Place:**2851 BENTON ROAD, Bossier City, LA 71111
**Person:**WRAY FORD, INC. C/O GEORGE D. WRAY, III

☐ On _____ I personally delivered the above named documents to Defendant _____ at _____ [place]; or

☐ After making my purpose to deliver the above named documents clear, on _____
I left the above named documents in the close proximity of the defendant by, _____
[describe how the above named documents were left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ I left the above named documents with _____ [name], a member of the
defendant's family ( _____ ) [relationship] at least 18 years of age, at _____ [address], a
place where the defendant resides; or

☒ On Tue, Mar 01 2022, at 2:10 o'clock pm I delivered the above named documents to WRAY FORD, INC. C/O  RACHEL
WHEELER, REGISTERED AGENT [name of individual], an agent authorized by appointment or by law to receive service of
above named documents on behalf of WRAY FORD, INC. C/O GEORGE D. WRAY, III [name of defendant]; or

☐ On _____ at _____ [address], where the defendant maintains an office or other fixed
location for the conduct of business, during normal working hours I left the above named documents with
_____ [name and job description];

☐ On _____ I served (name) _____ identified as the administrator of the (name), a jail,
penitentiary, or other correctional facility in Arkansas where the Defendant was held at the time of service. *See* ARCP 4(f)
(4).

☐ Other [specify]:

☐ I was unable to execute service because: _____

| TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF: |
|---|

SHERIFF OF _____ COUNTY, ARKANSAS

Date: _____

By: _____

   Signature of server                          Printed name, title, and badge number

| TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF: |
|---|

Date:   March 7, 2022                           By:   _____

                                                     Signature of server

Phone:   (318) 754-5380                                NORMAN HOGAN

                                                     Printed name

Address:   WOLF LEGAL PROCESS 4830 Line Ave Suite 132 Shreveport, LA 71106

Subscribed and sworn to before me this date:

_____                    Seal

Notary Exp. _____ L, Fe                   **WILLIAM LANCE FOUTS**
                                            Notary Public
                                            Notary ID No. 138509
                                            Caddo Parish, Louisiana
                                            My Commission is for life.

Additional information regarding service or attempted service: _____

3/01/22, 2:10 pm CST          Registered Agent       2851 BENTON ROAD, Bossier City, LA 71111,

Job No. 6733723

ELECTRONICALLY FILED
Columbia County Circuit Court
Angela L. Keith, Circuit Clerk
2022-Mar-17  08:18:45
14CV-20-212
C13D06 : 3 Pages

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**DOYLE WESLEY HUGHES and**
**HOLLY HUGHES**                                                      **PLAINTIFFS**

**vs.**                                   **CASE NO. 14CV-20-212**

**FORD MOTOR COMPANY;**
**WRAY FORD, INC.;**
**DONLEN CORPORATION;**
**DONLEN TRUST; DONLEN TRUST II;**
**DONLEN MOBILITY SOLUTIONS, INC.;**
**REITNOUER ENTERPRISES, INC.;**
**REITNOUER, INC.; and**
**STEADY SOURCE CO d/b/a STEADY LANES**                **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**FORD MOTOR COMPANY**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley Street, Suite 210
Little Rock, AR 72205

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included:_____

                                                    CLERK OF COURT

Address of Clerk's Office

ANGELA KEITH, CIRCUIT CLERK
CIRCUIT COURT OF COLUMBIA COUNTY
#1 COURTHOUSE SQUARE, STE. 3
MAGNOLIA, AR 71753

_____
[Signature of Clerk or Deputy Clerk]

Date: _____2/4/2022_____

[SEAL]

**No. 14CV-20-212 This summons is for FORD MOTOR COMPANY.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____[place] ; or

☐ After making my purpose to deliver the summons and complaint clear, on _____[date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____[address], a place where the defendant resides; or

☒ On 3-1-22 [date] I delivered the summons and complaint to CT Corporation System [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of Ford Motor Company _____[name of defendant]; or

☐ On _____ [date] at_____[address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____       SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _3-1-22_____       By: _____
[Signature of server]

_____ Jeff Barnett _____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _3-1-22_____

Diane Langrell
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

Diane Langrell
Pulaski
NOTARY PUBLIC – ARKANSAS
My Commission Expires    March 5, 2028
Commission No. 12703520

_____