IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOYLE WESLEY HUGHES and
HOLLY HUGHES                                                                                    PLAINTIFFS

v.                                            Case No. 1:22-cv-01020

FORD MOTOR COMPANY;
WRAY FORD, INC.;
DONLEN CORPORATION;
DONLEN TRUST; DONLEN TRUST II;
DONLEN MOBILITY SOLUTIONS, INC.;
REITNOUER ENTERPRISES, INC.;
REITNOUER, INC.; and
STEADY SOURCE CO d/b/a STEADY LANES                                            DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Wray Ford, Inc.'s Motion to Dismiss for Lack of Jurisdiction. ECF No. 27. Plaintiffs have responded. ECF No. 29.[1] Therefore, the matter is ripe for consideration.

**BACKGROUND**

On November 12, 2020, Plaintiffs Doyle Wesley Hughes and Holly Hughes filed this action in the Circuit Court of Columbia County, Arkansas. On March 28, 2022, Defendants Ford Motor Company, Wray Ford, Inc., Donlen Corporation, Donlen Trust, Donlen Trust II, Donlen Mobility Solutions, Inc., Reitnouer Enterprises, Inc., Reitnouer, Inc., and Steady Source Co (d/b/a Steady Lanes) removed the action to the United States District Court for the Western District of

---

[1] The Court twice granted Wray Ford, Inc.'s Motion for Leave to File Reply to Plaintiffs' Response to Motion to Dismiss. *See* ECF Nos. 32, 35. However, Wray Ford, Inc. has not replied to Plaintiffs' Response, and the time to do so has passed. *See* ECF No. 35 (requiring Wray Ford, Inc. to file its reply brief on or before July 15, 2022).

Arkansas, El Dorado Division. ECF No. 2. On March 28, 2022, Plaintiffs filed an amended complaint in which they allege that, on November 14, 2019, Plaintiff Doyle Hughes was driving a 2017 Ford transit van in Arkansas when he collided with a semi-trailer. ECF No. 6, at 1. Plaintiffs further allege that the vehicle's underride guard failed to prevent the crash and that, because of the vehicle's defective firewall, an ensuing fire entered the passenger compartment "almost immediately," seriously injuring Plaintiff Doyle Hughes. ECF No. 6, at 1, 7. Then, on March 29, 2022, Wray Ford, Inc. filed an answer to Plaintiffs' Amended Complaint, raising, as is relevant here, lack of personal jurisdiction as an affirmative defense. ECF No. 8.

On May 27, 2022, Wray Ford, Inc. filed the instant motion, asking the Court to dismiss it from the lawsuit for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 27. Wray Ford, Inc. argues that "specific jurisdiction is lacking in this case because no claimed act or omission of Wray Ford occurred within or was otherwise directed toward Arkansas." ECF No. 27, at 1. Wray Ford, Inc. states that the at-issue collision occurred in Arkansas, but Wray Ford, Inc. is organized in Louisiana; has its principal place of business in Louisiana; does not have offices or regular business operations in Arkansas; is not registered to do business in Arkansas; and did not sell the vehicle involved in the collision, but rather, received the vehicle in a "drop shipment" from Separate Defendant Donlen Corporation, performed a "cursory inspection" of the vehicle, and "facilitated a pickup" of the vehicle. ECF No. 27, at 1-3. In support of the instant motion, Wray Ford, Inc. attached a declaration from Greg Snelling, its general manager, in which Snelling reiterates the facts set forth in the motion and additionally states that Wray Ford, Inc. was "not involved in the design, manufacture, or testing of the vehicle," "did not title the vehicle," "never had any contact with the plaintiffs in this lawsuit," did not have "contact with plaintiffs' employer, the owner of the subject vehicle," "did not know, and had no way of

knowing, that the subject vehicle would end up in Arkansas," "does not conduct any regular business operations in Arkansas," "does not engage in telephone marketing to Arkansas citizens," "owns no property in Arkansas," "has no mailing address in Arkansas," "maintains no bank accounts in Arkansas," and "has no employees in Arkansas." ECF No. 27-1, at 1-3. Additionally, Wray Ford, Inc. attached documents from Louisiana's Secretary of State demonstrating that Wray Ford, Inc. is incorporated and domiciled in Louisiana. ECF No. 27-1, at 4-7.

In response, Plaintiffs first argue that Wray Ford, Inc.'s motion to dismiss is untimely because it raised the defense of lack of personal jurisdiction in its answer (ECF No. 8) rather than in a separate motion to dismiss. *See* ECF No. 29, at 2 ("[Federal Rule of Civil Procedure] 12(b)(2) brokers no discussion – Defendant Wray must have filed its Motion to Dismiss *before* it filed its Answer. Its failure to do so is fatal and the law requires that Defendant Wray's Motion to Dismiss be denied."). Plaintiffs alternatively argue that the Court has personal jurisdiction over Wray Ford, Inc. because Wray Ford, Inc. supplied the at-issue vehicle and because Wray Ford, Inc. markets its sales and services to Arkansas. ECF No. 29, at 4. More specifically, Plaintiffs argue that Wray Ford, Inc. "supplied," "received," "inspected," and "facilitated the pickup" for the 2017 Ford transit van. ECF No. 29, at 9. In support of their argument that Wray Ford, Inc. has availed itself to the forum state, Plaintiffs attached photographs of Wray Ford, Inc.'s website. ECF No. 29-1. On that website, Wray Ford, Inc. states, in relevant part, that it "serve[s]" Magnolia, Arkansas, El Dorado, Arkansas, and Hope, Arkansas. ECF No. 29-1, at 4. However, Plaintiffs argue that if the Court is unable to discern whether personal jurisdiction exists, the Court should grant leave to allow Plaintiffs to conduct jurisdictional discovery. ECF No. 29, at 12.

## ANALYSIS

First, Wray Ford, Inc.'s motion to dismiss is timely. Federal Rule of Civil Procedure 12(b)

provides, in relevant part, that a motion asserting lack of personal jurisdiction as a defense "must be made before pleading if a responsive pleading is allowed." Plaintiffs note that Wray Ford, Inc. responded to Plaintiffs' Amended Complaint on March 29, 2022, and later, on May 27, 2022, filed the instant Motion to Dismiss for Lack of Jurisdiction. However, Rule 12(h) contemplates the possibility that, rather than raising an affirmative defense by motion, a party may first raise it in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1) (providing, in relevant part, that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion . . . *or* include it in a responsive pleading." (emphasis added)). Further, federal courts commonly find that where a party raises the defense of lack of personal jurisdiction in its answer, that party does not waive the defense. *See, e.g.*, *Scroggins v. McGee*, No. 4:10-cv-01121, 2011 WL 4018049, at *3 n.6 (E.D. Ark. Sept. 12, 2011) (finding defense not waived where raised as affirmative defense in answer to plaintiff's complaint); *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 (D. Minn. 2008) (same); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Penn. 1999) (same); *Royal Globe Ins. Co. v. Logicon, Inc.*, 487 F. Supp. 1245, 1247 n.6 (N.D. Ill. 1980) (same); *cf. Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972) ("However, it is a well settled rule that if the defense is neither raised by motion before answer nor stated in the answer, it cannot be raised for the first time by motion after the answer."). Therefore, because Wray Ford, Inc. raised the defense of lack of personal jurisdiction in its answer (ECF No. 8, at 3), it preserved the defense, and the instant motion is timely.

Having resolved the timeliness of Wray Ford, Inc.'s instant motion, the Court turns to Wray Ford, Inc.'s argument that the Court lacks personal jurisdiction. "Once the defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Montel Aetnastak, Inc. v. Miessen*, 998 F.

Supp. 2d 694, 707 (N.D. Ill. Jan. 28, 2014). The plaintiff must only make a prima facie showing of jurisdiction, *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646-47 (8th Cir. 2003), and "[a] prima facie showing 'is accomplished by pleading sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state,"'" *Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (citation omitted). The plaintiff, rather than "rest[ing] on the conclusory allegations in his complaint," should "rebut [the moving party's] assertions with testimony, affidavits, or other documents." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th Cir. 2004); *see also Hill v. Capital One Bank (USA), N.A.*, No. 14-cv-6236, 2015 WL 468878, at *3 (N.D. Ill. Feb. 3, 2015) ("When the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."). "If a court does not hold a hearing on personal jurisdiction but instead bases its determination on the parties' written submissions, the court must view the facts in the light most favorable to the nonmoving party." *Travis v. Asustek Computer, Inc.*, No. 6:19-cv-06118, 2021 WL 1209192, at *1 (W.D. Ark. Mar. 30, 2021).

Two types of personal jurisdiction exist: general (meaning that the "defendant is 'essentially at home' in the State") and specific (meaning that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities with the forum State"). *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1024 (2021) (citations omitted). Only specific personal jurisdiction is at issue here, as neither party contends that Wray Ford, Inc. is "essentially at home" in Arkansas. *See id.* (citation omitted). "When the defendant is not a resident of the forum state, the district court may only exercise jurisdiction if 'personal jurisdiction exists under the forum state's long-arm statute and . . . the exercise of personal jurisdiction is consistent with

5

due process.'" *Esposito v. Airbnb Action, LLC*, No. 5:20-cv-5204, 2021 WL 411140, at *2 (W.D. Ark. Feb. 5, 2021) (quoting *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010)). Pursuant to Arkansas's long-arm statute, "courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B). Therefore, the question before the Court is whether exercising personal jurisdiction over Wray Ford, Inc., a Louisiana business, is consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*

The Fourteenth Amendment's Due Process Clause allows a court to exercise personal jurisdiction over a nonresident defendant where that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "The defendant's conduct and connection with the state must be such that the defendant should 'reasonably anticipate being haled into court there.'" *Travis*, 2021 WL 1209192, at *2 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Further, "[t]he defendant's contacts with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has purposefully availed [itself] of the privilege of conducting activities in the state.'" *Skroch v. LabCorp, Inc.*, No. 3:19-cv-3069, 2019 WL 6174340, at *2 (W.D. Ark. Nov. 20, 2019) (quoting *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011)); *see also Ford Motor Co.*, 141 S.Ct. at 1025 ("The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.' [The plaintiffs] must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." (citations omitted)); *Bristol-Myers*

6

*Squibb Co. v. Super. Ct. of California*, 137 S.Ct. 1773, 1780 (2017) (asking whether there is "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" (alteration in original) (citation omitted)); *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (recognizing that "minimum contacts" sufficient to support the exercise of specific personal jurisdiction exists where "defendants . . . have purposefully 'reach[ed] out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State, or by circulating magazines to 'deliberately exploit[t]' a market in the forum state" (alterations in original) (citations omitted)).  However, there is no requirement that a "strict causal relationship between the defendant's in-state activity and the litigation" exist, but rather, as the Supreme Court has previously stated, "specific jurisdiction attaches in cases . . . when a company . . . serves a market for a product in the forum State and the product malfunctions there." *Ford Motor Co.*, 141 S.Ct. at 1026-27.  Notably, "[t]he limits imposed on state jurisdiction by the Due Process Clause, in its role as a guarantor against inconvenient litigation, have been substantially relaxed over the years." *World-Wide Volkswagen Corp.*, 444 U.S. at 292

  Here, the Court finds that Plaintiffs have pled "sufficient facts 'to support a reasonable inference that [Wray Ford, Inc.] can be subjected to jurisdiction within the state.'" *Brothers & Sisters in Christ, LLC*, 42 F.4th at 951 (citation omitted).  Although Wray Ford, Inc. is undisputedly incorporated and domiciled in Louisiana, viewing the facts in the light most favorable to Plaintiffs, the Court is convinced that it may exercise personal jurisdiction over Wray Ford, Inc. without "offend[ing] 'traditional notions of fair play and substantial justice'" and in accordance with the Fourteenth Amendment Due Process Clause. *See Int'l Shoe Co.*, 326 U.S. at 316 (citation omitted).  Wray Ford, Inc. received the at-issue vehicle in a shipment from Donlen Corporation, performed

an inspection of the vehicle, and facilitated the pickup of the vehicle such that the vehicle could be transported to Arkansas, the forum state. Once in Arkansas, the vehicle allegedly malfunctioned, severely injuring Plaintiff Doyle Hughes in a collision. Further, on its website, Wray Ford, Inc. specifically represents that it "serve[s]" the forum state, specifically, Magnolia, Arkansas, El Dorado, Arkansas, and Hope, Arkansas. Ultimately, Wray Ford, Inc.'s contacts with the forum state are not "random, isolated, or fortuitous," but rather, Wray Ford, Inc. "serve[s] a market . . . in the forum State" and the at-issue vehicle (which Wray Ford, Inc. received, inspected, and facilitated the transport of) allegedly malfunctioned in the forum State. *See Ford Motor Co.*, 141 S.Ct. at 1025, 1027 (citation omitted). Although Wray Ford, Inc. may not have known that the vehicle would end up in Arkansas and be driven by Plaintiff Doyle Hughes, that does not foreclose the Court's exercise of personal jurisdiction. In sum, based on Wray Ford, Inc.'s involvement with the at-issue vehicle—notably, its inspection of the at-issue vehicle—and the fact that it represents itself as "serv[ing]" Arkansas, Wray Ford, Inc. "should [have] 'reasonably anticipate[d] being haled into court [here].'" See *Travis*, 2021 WL 1209192, at *2 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Therefore, the Court finds that personal jurisdiction exists, and Wray Ford, Inc.'s Motion to Dismiss for Lack of Jurisdiction (ECF No. 27) is **DENIED**.[2]

**IT IS SO ORDERED**, this 7th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Because the Court finds that personal jurisdiction exists, Plaintiffs' alternative request for jurisdictional discovery is moot.