IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| DOYLE WESLEY HUGHES and<br>HOLLY HUGHES | | PLAINTIFFS |
| v. | Civil No. 1:22-cv-01020 | |
| FORD MOTOR COMPANY; WRAY FORD, INC.;<br>DONLEN CORPORATION; DONLEN TRUST;<br>DONLEN TRUST II; DONLEN MOBILITY<br>SOLUTIONS, INC.; REITNOUER ENTERPRISES,<br>INC.; REITNOUER, INC.; and STEADY SOURCE<br>CO d/b/a STEADY LANES | | DEFENDANTS |

## ORDER

Before the Court is Plaintiffs' Motion for Protective Order and to Expand the Sharing Provision. ECF No. 61. Defendant Ford Motor Company ("Ford") has responded to the Motion. ECF No. 65. The Honorable Susan O. Hickey referred this motion to this Court pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009).

Plaintiffs filed their motion on January 25, 2024, requesting the Court enter a Protective Order, attached to the motion as Exhibit A, which was being negotiated with Ford, while preserving their "opportunity to expand the Sharing Provision on paragraph 6(f) of Exhibit A" to move forward with discovery in this case. ECF No. 61, p. 3.

On February 8, 2024, the parties submitted a Joint Stipulation Regarding Protective Order stating in part:

> …counsel for the parties have conferred, and have agreed to stipulate to entry of the version of the Protective Order attached as Exhibit A [ECF No. 64-1] subject to the understanding that plaintiffs desire to also go forward on their Motion (Doc 61) to expand the Sharing Provision and that Ford is not waiving and expressly preserves its objection to an expansion of the Sharing Provision beyond the terms of its proposed modification set out in Exhibit B [ECF No. 64-2].

1

ECF No. 64, p. 2. That same day Ford filed its Response to Plaintiffs' motion stating "…the Motion is moot, plaintiffs and Ford having stipulated to entry of the protective order subject to the terms of the [Joint] Stipulation Regarding Protective Order filed this date (Doc. No. 4)." ECF No. 65.

Based upon the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion to Enter Protective Order and to Expand the Sharing Provision (ECF No. 61) as follows:

1. The Parties shall present the fully executed Stipulated Protective Order as presented in the Parties' Stipulation for entry by this Court.[1]

2. Plaintiff's request for expanding the sharing provision of the Stipulated Protective Order is **DENIED** without prejudice to refiling. Should Plaintiff believe the Stipulated Protective Order inadequate for discovery purposes in this proceeding they may file a separate Motion and Brief seeking such expansion.[2]

**DATED this 12th day of February 2024.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] The fully executed Stipulated Protective Order, should be presented to the Hon. Barry A. Bryant, United States Magistrate Judge, for review and entry.

[2] Local Rule 7.2(g) requires "[a]ll motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith *on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court*." (emphasis added). Local Rule 7.2(g) further provides the following: "If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule." "Confer" in the context of Rule 7.2 generally means to discuss or exchange ideas on a particular subject. "Good faith" means to act honestly in one's dealings. As used in Rule 7.2 "confer in good faith" directs counsel to honestly discuss the issue or issues at hand; not to demand the other side acquiesce in some course of conduct.